402 So.2d 43 (1981)
Samuel CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 80-44.
District Court of Appeal of Florida, Fourth District.
August 5, 1981.
*44 Richard L. Jorandby, Public Defender, and Donald C. Dowling, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
The appellant, Samuel Clark, appeals the revocation of his probation and a sentence of eighteen months in the state prison. He claims (1) that the trial judge lacked jurisdiction to hear two additional counts which were added to the affidavit of violation after the expiration of his probationary period, and, (2) that the evidence pertaining to the original counts was insufficient to support a guilty finding. We agree, and, consequently, reverse.
On October 4, 1978, following a plea of guilty to grand theft, appellant was placed on probation for one year, (i.e., October 4, 1978  October 3, 1979). On August 24, 1979, an affidavit of violation of probation was filed charging that on August 22, 1979, appellant actually or constructively possessed a firearm (Count I), heroin (Count II), and cocaine (Count III). On October 5, 1979, two days after the expiration of the one-year probationary period, an amended affidavit of violation of probation was filed. Counts I, II, and III of the original affidavit were realleged; two additional counts were added which charged appellant with delivery of cocaine on August 7, 1979 (Count IV), and delivery of heroin on August 9, 1979 (Count V). Following a hearing, the court found appellant guilty of violating probation by committing the acts specified in counts II, III, IV, and V, i.e., two of the original counts (II and III) and the two added counts (IV and V). The court revoked appellant's probation, adjudged him guilty of grand theft and imposed a sentence of eighteen months imprisonment.
Although appellant failed to voice an objection below to the trial court's lack of jurisdiction to consider counts IV and V due to their untimely filing, we hold that the issue may be raised for the first time on appeal since it is fundamental and jurisdictional. Gibson v. State, 351 So.2d 948, 950 (Fla. 1977). Thus, we turn to the general rule which governs timely revocation of probation: once a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation. Bouie v. State, 360 So.2d 1142 (Fla.2d DCA 1978); Carpenter v. State, 355 So.2d 492 (Fla.3d DCA 1978); State ex rel. Ard v. Shelby, 97 So.2d 631 (Fla.1st DCA 1957). See Sections 948.06(1), 948.04(2), Florida Statutes (1979).
In the case at bar the state urges that the above rule should not preclude consideration of the new or amended charges because the "amended affidavit ... was part of the process set in motion by the original affidavit... ." Furthermore, the state suggests that the similarity between the original and the added charges lends credence to its "relation-back" theory. We disagree. The Supreme Court in Carroll v. Cochran, 140 So.2d 300 (Fla. 1962), upheld a revocation of probation even though an arrest warrant was not served until after the termination of probation. The court grounded its decision on the fact that "the processes of the trial court had been timely set in motion ... because the warrant ... was issued within the period of probation." Id., at 301. We apply a restrictive interpretation to the holding in Carroll and conclude that while it permits a revocation process, timely begun, to continue past the probationary term, it does not allow the filing of new, substantive charges after the date of termination of probation. Consequently, since Counts IV and V constituted new and untimely filed charges, we *45 hold that the court was divested of jurisdiction to consider them.
On the other hand, since the first three counts in the amended affidavit merely realleged the three timely-filed original charges, we hold that the court did have jurisdiction to determine whether appellant violated his probation by committing any of the acts specified in those counts. See Jess v. State, 384 So.2d 328 (Fla.3d DCA 1980). Accordingly, we turn to the record to determine whether the trial court's findings have support.
Testimony revealed that on August 22, 1979, a search warrant was executed at 612 N.W. 8th Avenue, Hallandale, Florida. This address is a one bedroom apartment in a duplex. The investigating officers forcibly entered the apartment and found appellant standing in the bedroom with a woman named Rontoralyen Jenkins. Upon being advised of his Miranda rights, appellant said that "he had just been in there a little while because he was looking the place over because he was going to rent it." Miss Jenkins later confirmed appellant's statement.
The officers began their search and, in the kitchen, located a brown envelope containing ten aluminum foil packets and a film case with three additional tin foil packets. Asked if any drugs or weapons were found on defendant's person, Officer Magrill testified "Not to my knowledge, no." Similarly, when asked if he ever saw the defendant in the kitchen, he answered "I never saw him in the kitchen, no." Officer Huetter testified that the apartment was rented by a "Jack Clark" who was not the same person as the defendant "Samuel Clark." Asked what the relationship was between the two men, Huetter answered, "I think it's father or uncle, one or the other; I have not been able to establish which one... We cannot locate or track down this Jack Clark, whoever he is." Officer Bieger was asked whether there was an indication of anyone living in the apartment recently. He answered, "Not to my knowledge, no."
While it is accepted that probation revocation hearings may be informal and need not adhere to strict rules of evidence applicable to criminal trials, Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Rathburn v. State, 353 So.2d 902 (Fla.4th DCA 1977), it is equally clear that a person's probation may not be revoked unless there is sufficient evidence to satisfy the conscience of the court that a substantial violation of the conditions of probation has occurred. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). Applying this fundamental principle to the case at bar, we are compelled to hold that the evidence adduced below, viewed in the light most favorable to the state, utterly fails to satisfy the requirements for constructive possession. See e.g., Smith v. State, 279 So.2d 27 (Fla. 1973); Wale v. State, 397 So.2d 738 (Fla.4th DCA 1981); D.M.M. v. State, 275 So.2d 308 (Fla.2d DCA 1973). Aside from appellant's mere presence in the apartment  which was explained without contradiction  there is a total void of proof. Accordingly, we conclude that the court's findings cannot be supported by any evidence in the record and, therefore, the order on appeal is reversed.
BERANEK and HERSEY, JJ., concur.