495 So.2d 243 (1986)
Marcus Benjamin HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1492.
District Court of Appeal of Florida, Second District.
September 26, 1986.
James Marion Moorman, Public Defender, Bartow, and Karla Foreman Wright, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
*244 SANDERLIN, Judge.
This appeal is from an order revoking appellant's probation and the judgments and sentences that followed. We reverse.
The trial court's revocation order found that appellant had violated his probation in six respects. First, the trial court found that appellant had wilfully failed to pay the costs of his supervision. Second, appellant had unlawfully taken the property of another. The last four violations stemmed from alleged check forgery incidents occurring on January 14 and 15, 1985.
Only the first two violations were charged in the affidavit and warrant appearing in the record. While the transcript of the probation revocation hearing reveals that the trial judge may have had before him an amended affidavit charging the remaining four violations, the record does not contain any amended affidavit or a warrant. It is also apparent that neither of these documents has ever been filed in the circuit court.
With respect to the last four violations, the trial court cannot revoke appellant's probation for conduct not charged by affidavit of probation violation and warrant. See § 948.06(1), Fla. Stat. (1985); Butler v. State, 450 So.2d 1283 (Fla. 2d DCA 1984); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977). Because the affidavit and warrant appearing in the record do not charge these last four violations, the trial court erred in revoking appellant's probation on this basis.
As for the first violation, the trial court found that there was insufficient evidence to support this charge. Further, the state nol prossed the second violation at the initial probation revocation hearing. Therefore, appellant's probation could not be revoked for these violations.
Accordingly, we reverse the order of revocation of probation and the judgments and sentences that followed, and remand to the trial court for further proceedings.
SCHOONOVER, A.C.J., and HALL, J., concur.