# JONES v STATE OF FLORIDA

## Case No. 88-12-AP (County Court Case No. 87-43461-MM)

Fourth Judicial Circuit, Duval County

March 15, 1989

### APPEARANCES OF COUNSEL

**James T. Miller,** Assistant Public Defender, for appellant.

**Peter Gioia,** and **Thoms G. Fallis,** Assistant State Attorneys, for appellee.

### OPINION OF THE COURT

ROBERT L. COWLES, Circuit Judge.

### *ORDER ON APPEAL*

This case is before the Court for review on the Notice of Appeal filed by Timothy Robert Jones, Appellant, on March 28, 1988, appealing a Judgment and Sentence of the Lower Court on March 22, 1988, sentencing said Appellant for Violation of Probation.

The two issues raised on appeal are:

3

I. Whether the Trial Court erred in violating the Appellant's probation because of his failure to attend in-patient drug treatment.

II. Whether the Trial Court erred in violating the Appellant's probation due to his contacts with his parents.

The Appellant points out that the evidence upon which the violation of probation because of the failure of the Appellant to attend in-patient treatment was based solely on hearsay evidence and was contrary to *Arnold v State,* 497 So.2d 1356 (Fla. 4th DCA 1986). In *Arnold,* the Court said that hearsay evidence is admissible in a probation revocation proceeding but proof of the violation must be supported by other competent, nonhearsay evidence. The evidence presented in this case supports that there was a violation of a provision of probation in a failure to attend Gateway. The testimony of Rosalyn Johnson, Director of Advocacy Services for Gateway, reading from business records, which were admitted as business records, an exception under Section 90.803(6), Florida Statutes (1987), the hearsay statute, is to the effect that she kept the records of Gateway in the ordinary course of business. Further, they were prepared at or near the time of the event that is reported in the records. She testified that the Appellant reported on December 18, 1987, and on the same afternoon that he reported he "went AWOL from Phase III". This was a violation of the Order of the Honorable John Mathews. Brad Atherton testified on behalf of the Appellee, but his testimony was clearly hearsay. The Appellant's mother, Juanita Jones, testified that he admitted to her that he did leave the facility, which the Court finds to be an admission.

As to the second issue, the Appellant points out to the Court that the lower court erred in violating the Appellant's probation due to his contacts with his parents, because the violation was not substantial and was done with his parents permission. With regard to this finding of violation of probation, it appears to the Court that Ms. Juanita Jones, the mother of the Appellant, met with the Appellant voluntarily at Coleman's Sport Shop in Norwood to give him money. Further, it appears that Appellant called his mother and went over to her house to pick up his clothes. While Ms. Jones testified that this was not done with her consent, she did not object to the visit and there were no arguments or altercations at the time of the Appellant's visit.

While it is clear that the condition of not contacting the parents was to prevent arguments that had previously occurred between the Appellant and his parents, any violations of probation must be substantial and relate to the rehabilitative reasons for the conditions. *Clark v State,* 402 So.2d 43 (Fla. 4th DCA 1981); *Lawson v State,* 498 SO.2d 541 (Fla. 1st DCA 1986), *rev. denied,* 506 So.2d 1042 (Fla. 1986).

4

This Court is of the opinion, therefore, that this was not a substantial violation and should not have resulted in a violation of probation.

Judge Mathews found that it was the Conscience of the Court that the two special conditions of probation, to-wit: "You will receive inpatient drug treatment, and you will have no contact with your parents unless they initiate it." were violated. As indicated above, this Court feels only that the condition with regard to drug treatment was violated. Nevertheless, a violation of one of the conditions of probation is all that was necessary to support the findings of the lower court and in view of the foregoing, it is the finding of this Court that the Judgment of the lower court is AFFIRMED finding violation of probation, because of Appellant's violating the provision of his probation by leaving the drug facility, Gateway.

DONE AND ORDERED in Jacksonville, Duval County, Florida, this 15th day of March, 1989.