593 So.2d 1225 (1992)
George Luis AGUIAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2097.
District Court of Appeal of Florida, Third District.
February 25, 1992.
As Clarified March 31, 1992.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and LEVY, JJ.
PER CURIAM.
Aguiar appeals an order revoking his probation. He contends that the trial court lacked jurisdiction to entertain the State's affidavit of violation of probation because the affidavit was filed after the expiration of the probationary period. We agree.
In accordance with a plea agreement, Aguiar was sentenced to 364 days in the county jail, followed by one year probation to commence at the end of the jail term. Aguiar was released from jail in February 1990. In July 1991, five months after the expiration of the probationary period, the State filed an affidavit of violation of probation. At a hearing on the matter, the trial court found Aguiar guilty of probation violation and sentenced him to nine years imprisonment.
When a probationary period expires, the court is divested of all jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation. Purvis v. Lindsey, 587 So.2d 638, 639 (Fla. 4th DCA 1991); Little v. State, 519 So.2d 1139, 1140 (Fla. 2d DCA), rev. denied, 528 So.2d 1182 (Fla. 1988); Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981). The State was required to file the affidavit of violation of probation before the termination of the probationary period. Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). Afterwards, the trial court was without subject matter jurisdiction.
The order revoking probation is vacated and the case is remanded for further proceedings consistent with this opinion.