PER CURIAM.
Appellant, Donald, appeals from his sentence for violation of probation and violation of community control. Appellant raises several issues on appeal: (1) Whether appellant’s original sentence of six months in jail to be followed by one-year community control exceeded the statutory guidelines, (2) whether the trial court erred in revoking appellant’s probation when no affidavit of violation of probation appears in the record, and (3) whether the trial court erred in failing to give appellant credit for time served on the original sentence.
As to issue I, appellant, having accepted the benefits of community control, is now precluded from challenging that sentence upon revocation. See Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991). As to the second issue, we find that although a violation of community control was formally charged and the appellant properly brought before the court and advised of that charge, there was no formal charge of violation of probation before the court at the time the court announced that it was finding appellant in violation of probation and community control and revoking the probation and community control as to each count. We therefore must reverse the revocation and sentence for violation of probation. Wynn v. State, 591 So.2d 964 (Fla. 2d DCA 1991).
As to the issue of gain time, appellant did not raise this issue in the trial court, and we are unable to ascertain whether gain time was properly calculated. We therefore affirm without prejudice to appellant raising this issue in a petition filed pursuant to rule 3.850, Florida Rules of Appellate Procedure.
ALLEN, WOLF and WEBSTER, JJ„ concur.