PER CURIAM.
Appellant challenges the sentence imposed upon revocation of his probation. We reverse and remand for resentencing.
Initially, appellant was given a guidelines sentence of two years on community control for grand theft to be followed by concurrent five-year probationary terms for two additional offenses. When appellant violated conditions of community control, the trial court sentenced him to 30 months in prison for the grand theft. After serving his time in prison, appellant began the probationary portion of his sentence. Thereafter, appellant violated probation by committing a new offense. Although he was serving two concurrent probationary terms at the time he committed the new offense, the affidavit of violation only referenced one of the corresponding counts. Subsequently, the trial court revoked probation and imposed consecutive terms of three years in prison for each of appellant’s three original offenses.
On appeal, the state correctly concedes that appellant should not have received a revocation sentence for grand theft where *544 he had already completed his sentence for this offense. See Peeples v. State, 571 So.2d 86 (Fla. 5th DCA 1990).
Concerning the two remaining revocation sentences, we agree with appellant that it was error to revoke both probationary terms where the affidavit of violation only referenced one of the corresponding counts. As in Hicks v. State, 367 So.2d 726 (Fla. 4th DCA 1979), we must set aside the revocation sentence imposed for the unreferenced count without prejudice to the state to properly re-file its affidavit as to this count. Because this represented appellant’s first violation of the probationary term(s), the trial court is confined to a one-cell bump-up on remand. Consequently, appellant’s total revocation sentence should not exceed 30 months in prison.
REVERSED and REMANDED for further proceedings.
ZEHMER, BARFIELD and MINER, JJ., concur.