PETERSON, Judge.
On May 23, 1991, an information was filed charging appellant with one count of possession of cocaine and two counts of delivery of cocaine. Appellant was found guilty on all three charges. Subsequently, appellant was charged with violating his drug offender probation. The court, upon finding the violation to have occurred, revoked the probation imposed for each count and resentenced appellant on each charge.
In this appeal, the state agrees with appellant’s counsel that appellant was charged by affidavit and warrant only with violation of probation for the first and third of the three counts, and that consequently revocation and resentencing on the second count was improper. § 948.06(1), Fla.Stat. (1991); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986), rev. denied, 501 So.2d 1282 (Fla.1987). In fact, appellant was charged only with violating the probation imposed in the first count and thus the resentencing on both the second and third counts must be set aside.
We do agree, however, with the state, that it should be given an opportunity on remand to properly refile its affidavit as to the uncharged counts. Pate v. State, 613 So.2d 543 (Fla. 1st DCA 1993); Hicks v. State, 367 So.2d 726 (Fla. 4th DCA 1979). Accordingly, we set aside the revocation sentence as to Count II and Count III without prejudice to the state to refile its affidavit as to these counts.
REVERSED IN PART; REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.