PER CURIAM.
As part of the appellant’s plea agreement to charges of grand theft and other assorted lesser charges, the appellee agreed that he could be considered as an habitual offender if he violated community control or the terms of his probation. At sentencing, the court explained the consequences of ha-bitualization to the appellant, including the loss of administrative gain time. Later, the appellant violated his probation, and the trial court sentenced the appellant as an habitual offender. In State v. Blackwell, 661 So.2d 282, 284 (Fla.1995), the supreme court held that where the defendant was informed of the possibility and consequences of habituali-zation through the written plea agreement prior to the court’s acceptance of the plea, the requirements of written notice in Ashley v. State, 614 So.2d 486 (Fla.1993), were met. Here, the plea agreement informed the appellant of the possibility of habitualization, which the court further explained to the appellant prior to accepting his plea. We hold that this satisfies the requirements of Blackwell and Ashley. We remand, however, for entry of a written order of revocation of community control. While an order of revocation of probation was entered, it appears that the court failed to enter a similar order for revocation of community control.
Finally, the appellant contends that on count IV of the information he was given sixty days of probation which would have terminated prior to the filing of an affidavit of violation of probation on January 24,1994. As the term of probation had expired, the court lacked jurisdiction to entertain an application of revocation. Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). We therefore reverse the order revoking probation on count IV and order that it be vacated on remand.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.