HARRIS, Judge.
Appellant, Dale J. Smith, timely appeals from revocation and sentencing orders rendered March 3, 1995. This is his second appeal. We take judicial notice of the earlier. appeal at the request of both parties.
*134 On May 23, 1991, appellant was charged with one count of possession of cocaine and two counts of delivery of cocaine. On October 31, 1991, following a jury trial, a written judgment was entered, adjudicating appellant guilty as charged on each count. On March 26, 1992, two orders, both styled “Judgment, Sentence and Order Placing Defendant on Drug Offender Probation,” were entered addressing Count I (possession) and Count III (delivery) and sentencing appellant to three and one-half years in prison to be followed by two years on drug offender probation for each count. No order was entered addressing Count II.
Subsequently, appellant violated his probation by committing the offenses of resisting arrest without violence and possession of cocaine. The state filed an affidavit of violation of probation referring only to Count I. On August 11, 1993, the trial judge entered an order revoking appellant’s probation as to all three counts and imposing prison sentences. Appellant appealed from the revocation order in Smith v. State, 637 So.2d 84 (Fla. 5th DCA 1994), and we held:
On May 23, 1991, an information was filed charging appellant with one count of possession of cocaine and two counts of delivery of cocaine. Appellant was found guilty on all three charges. Subsequently, appellant was charged with violating his drug offender probation. The court, upon finding the violation to have occurred, revoked the probation imposed for each count and resentenced appellant on each charge.
In this appeal, the state agrees with appellant’s counsel that appellant was charged by affidavit and warrant only with violation of probation for the first and third of the three counts, and that consequently revocation and resentencing on the second count was improper. Sect. 946.06(1), Fla. Stat. (1991); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986), rev. denied, 501 So.2d 1282 (Fla.1987). In fact, appellant was charged only with violating the probation imposed in the first count and thus the resentencing on both the second and third counts must be set aside.
We do agree, however, with the state, that it should be given an opportunity on remand to properly refile its affidavit as to the uncharged counts. Pate v. State, 613 So.2d 543 (Fla. 1st DCA 1993); Hicks v. State, 367 So.2d 726 (Fla. 4th DCA 1979). Accordingly, we set aside the revocation sentence as to Count II and Count III without prejudice to the state to refile its affidavit as to these counts.
After remand, a hearing was conducted on August 26, 1994. The following occurred:
COURT: When [appellant] was originally sentenced by this court he was sentenced to three and ½ years for Count I, II and III, to be followed by two years drug offender probation. When he got out, for some strange reason, the probation order that was signed by me and prepared by the Department of Corrections only mentioned Count I, possession of cocaine, and Count III, delivery of cocaine and made no mention of Count II. There was a subsequent affidavit for violation of probation that was filed that only mentioned Count I. He, I believe, pled to that violation and at that time we revoked it and I sentenced him on all three counts. So at this time they have set aside the sentences as to Count II and III. He is in custody only on Count I. I have instructed the Depart ment of Corrections to forthwith file an affidavit for violation of probation as to Count III. They cannot violate him on Count II since it was never on his probation order. Therefore, he will have his probation and resentence to be served on Count II. And after they file an affidavit of violation on Count III, we will bring Mr. Smith back from wherever he is and he will be given an opportunity to have a hearing on whether or not he violated condition 3. We cannot have a hearing — I mean Count III. We cannot, at this time, have a hearing on Count II since he never had a probation order indicating that he was, even though that was the intent of the court.
The judge then changed his mind and stated:
COURT: I know the Fifth DCA mentioned that we could go back and violate him for Counts II and III and I guess — I guess if I may read something into it, since it was a clerical or scrivener’s error. So I’m going to have them do violations as to Count II and III.
The defense did not object and the court ordered DOC to file an affidavit of probation *135 as to Counts II and III. At a hearing on the violation, appellant entered pleas of no contest to both counts. The trial court revoked probation and imposed concurrent sentences of nine years imprisonment on Counts II and III to run consecutive to the earlier sentence in Count I. Appellant was given credit for all time served, including time served on Count I. The court entered written sentencing orders consistent with the sentences imposed at the hearing. This appeal follows.
Appellant submits that this court’s earlier opinion does not constitute the law of the ease which would permit the lower court to revoke probation as to Count II. Appellant states that it was not brought to this court’s attention in the earlier appeal that he was never placed on probation as to Count II. We agree.
The trial court’s initial analysis of the problem was correct. There should not be a VOP order entered when a probation “sentence” was never imposed. However, since the record reflects that the trial court intended to impose probation on Count II originally, this oversight may be corrected on remand but no violation of this court is justified based on conduct occurring before the correction is made.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.