700 So.2d 183 (1997)
Thomas McGRAW, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3749.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
*184 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Appellant's probationary term ended on August 22, 1996. Before the term ended, appellant's probation officer prepared an affidavit of violation of probation. However, the trial court did not issue an arrest warrant until August 27, 1996. The affidavit of violation and arrest warrant were not filed with the clerk until August 28, 1996, six days after the term of probation had expired. After being arrested on the violation of probation warrant, appellant admitted the violation and the trial court revoked his probation and sentenced him to one year in the county jail, with credit for time served.
We reverse the revocation and sentence, because, as the state concedes, the trial court lacked jurisdiction to entertain the violation.
[O]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.
Clark v. State, 402 So.2d 43, 44 (Fla. 4th DCA 1981). "Appropriate steps" under Clark means that the processes of the court must have been set in motion for revocation or modification of the probation pursuant to section 948.06, Florida Statutes (1995). See Carroll v. Cochran, 140 So.2d 300 (Fla.1962); Carpenter v. State, 355 So.2d 492, 493 (Fla. 3d DCA 1978). In this case, for the trial court to have had jurisdiction, one of two things should have occurred before the probationary period expired either the filing of the affidavit of violation of probation with the clerk or the trial court's issuance of the arrest warrant.[1]See Carroll, 140 So.2d at 301; Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992); Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981).
The order of revocation of probation and sentence are reversed.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] In Carroll v. Cochran, 140 So.2d 300 (Fla. 1962), the supreme court held that the processes of the trial court had "been set in motion" where the trial court had issued a violation of probation arrest warrant "within the period of probation." 140 So.2d at 301; see also Fryson v. State, 559 So.2d 377 (Fla. 1st DCA 1990).