PER CURIAM.
Under the peculiar facts of this case, we must reverse appellant’s conviction and sentence for violation of probation, as that matter was not properly before the court when the judgment and sentence were entered.
Appellant was found guilty of aggravated battery in circuit court case no. 90-3086 and was sentenced to 3)6 years in prison to be followed by five years of probation. Later, he entered a plea to burglary of a dwelling and grand theft in circuit court case no. 91-1785 and received concurrent 10- and 5-year probationary sentences that were to run consecutive to any other sentences.
After his release from prison, appellant admitted violating his probation in ease no. 90-3086 (the aggravated battery) and was resentenced to two. years community control to be followed by five years probation. His 1991 burglary probation was not revoked. The conditions of his community control were different from the conditions of his probation.
The present proceeding arose when appellant was charged with violating his community control. The charging affidavit originally listed only the aggravated battery charge and made reference to several conditions of community control that appellant had allegedly violated. Later, the affidavit was amended by the hand-written inclusion of case no. 91-1785 and type-written reference to the original charges in that ease, burglary of a dwelling and grand theft. No allegation was formally made, however, that appellant violated his probation nor was reference made to any specific conditions of that probation that allegedly were violated.
Appellant admitted the violations of community control in a proceeding for which this *1135 Court does not have the record. He was sentenced to 10 years in the Department of Corrections on both cases, the sentences to run concurrent.
There is no error in the judgment and sentence regarding case no. 90-3086. Appellant was properly charged with violation of his community control, was properly before the court on that charge, entered a plea thereto, and was properly and legally sentenced. He was never formally charged with violation of probation, however, and thus was never properly before the court on that charge.
Thus, we must reverse the revocation of probation and sentence imposed in circuit court case no. 91-1785 and remand with orders to reinstate appellant’s 10-year probation, which is to run consecutive to any other sentence. See Donald v. State, 611 So.2d 1322 (Fla. 1st DCA 1993). Nothing in this opinion shall be construed as preventing the State from filing VOP charges against appellant, as was apparently its intent.
MINER, KAHN and WEBSTER, JJ., concur.