760 So.2d 1115 (2000)
Johnny BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1887.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
*1116 Richard L. Jorandby, Public Defender and Maxine Williams, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for appellee.
FARMER, J.
Upon Baker's plea of guilty to the charge of possession of cocaine, the trial court imposed a two year community control sentence followed by three years of probation. Subsequently, the Department of Corrections filed an affidavit of violation alleging that Baker had violated five technical conditions of his Order of Community Control.
At the subsequent revocation hearing, the State not only presented evidence in support of the five technical violations charged, but also presented evidence to establish a sixth, substantive violation stemming from an alleged grand theft incident. While Baker's community control officer testified at the revocation hearing that she submitted an amended affidavit which added the substantive charge, and the transcript of the revocation hearing reveals that Baker proceeded as if properly advised of the substantive charge, the record does not contain either an amended affidavit or a warrant. Indeed, the circuit court clerk has verified that neither of these documents was ever filed in the circuit court. Nonetheless, at the close of the hearing, the trial court revoked Baker's community control based, in part, on the substantive violation. The court also found Baker guilty of three of the technical violations.
A trial court cannot revoke a defendant's community control for conduct not charged by affidavit of violation and warrant. See Harris v. State, 525 So.2d 449, 450 (Fla. 2d DCA 1988); Harris v. State, 495 So.2d 243 (Fla. 2d DCA 1986). See also Donald v. State, 611 So.2d 1322 (Fla. 1st DCA 1993) (reversing a revocation of probation where there was no formal charge of violation before the court at the time the court announced the revocation). Because the affidavit and warrant appearing in the record do not charge the substantive violation, the trial court erred in revoking Baker's community control on that basis. See Harris, 495 So.2d at 244.
Regarding the technical violations, the trial court found that Baker violated charge I (failing to file written report), and charges IV and V (failing to maintain hourly accounting of activities on a daily log). *1117 At the hearing, Baker explained that he was unable to file the report or maintain the daily log because he was in prison as a result of the grand theft charge giving rise to the substantive violation. The trial court determined that Baker willfully engaged in a violation of Florida law which resulted in his being put in jail; had he not been committing a violation of Florida law, he would have easily been in a position to comply with the technical conditions of his community control. As such, Baker willfully violated the three technical conditions.
Baker's failure to comply with the technical conditions of his community control cannot be considered as willful where he was incarcerated on an unrelated offense when the report and daily logs were due. See Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986) (holding that a defendant's failure to file a monthly report was not willful because the defendant was incarcerated on an unrelated offense when the report was due). Accordingly, we reverse the trial court's ruling revoking Baker's community based upon a violation of the technical conditions.
Since the transcript of the revocation hearing reveals the possible existence of an amended affidavit charging the substantive violation, and finding no error in the trial court's determination that Baker violated the substantive condition, rather than requiring Baker's discharge, we remand with instructions for the trial court to conduct further proceedings to determine the existence of the amended affidavit and to, essentially, "reconstruct the record." See, e.g., Harris v. State, 525 So.2d at 450, 451 (Fla. 2d DCA 1988).
In the event that the trial court is able to locate the amended affidavit charging the substantive violation, we address Baker's challenge to the legality of his sentence imposed pursuant to the 1995 sentencing guidelines. Baker correctly alleges that the enacting legislation for those guidelines, Chapter 95-184, Laws of Florida, has been found to violate the single subject rule of Article III, Section 6 of the Florida Constitution. See Heggs v. State, 25 Fla. L. Weekly S137 (Fla. Feb. 17, 2000). Contrary to the State's assertion, Baker has standing to raise this single subject constitutional challenge as Baker committed the underlying offense on March 22, 1997 and, thus, falls within the window period for challenging the constitutionality of Chapter 95-184. See Trapp v. State, 760 So.2d 924 (Fla.2000). See also Salters v. State, 758 So.2d 667 (Fla.2000) (holding that the applicable window period for challenging the 1995 sentencing guidelines on single subject rule grounds closes on May 25, 1997).
Accordingly, we reverse Baker's sentence and, providing the trial court is able to locate the amended affidavit on remand, instruct the court to resentence Baker in accordance with the valid laws in effect on March 22, 1997, the date on which Baker committed the underlying offense. See Trapp, 760 So.2d at 928; Salters, 758 So.2d at 671 (remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed his offenses).
GROSS and TAYLOR, JJ., concur.