760 So.2d 1120 (2000)
Timothy McAVOY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3706.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
Richard L. Jorandby, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rajeev Saxena, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Timothy McAvoy, appeals the revocation of his probation and sentence for resisting an officer without violence. We reverse because, as the state concedes, the trial court lacked jurisdiction to entertain the violation of probation.
Appellant pled guilty to aggravated assault with a deadly weapon and resisting an officer without violence. The trial court withheld adjudication and placed appellant on probation for two years on the assault charge and one year on the resisting charge. Appellant's one-year probationary term ended on January 8, 1999.
On January 20, 1999, thirteen days after the one-year probationary term ended, appellant's probation officer filed an affidavit of violation of probation. The arrest warrant was delivered to the sheriff's department the following day. After a hearing on the violation of probation affidavit, the trial court revoked appellant's probation and sentenced him to one year and one day in state prison on the aggravated assault and to twenty-four days in the county jail on the resisting charge, with credit for twenty-four days time served.
As we stated in McGraw v. State, 700 So.2d 183, 184 (Fla. 4th DCA 1997):
[O]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.
Id. (citing Clark v. State, 402 So.2d 43, 44 (Fla. 4th DCA 1981)). See Francois v. State, 695 So.2d 695, 697 (Fla.1997)("when *1121 a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify probation").
Accordingly, we reverse the revocation and sentence as to the resisting arrest without violence charge.[1]
REVERSED and REMANDED.
FARMER, GROSS and TAYLOR, JJ., concur.
NOTES
[1] The two-year probation for the aggravated assault, count I, was properly revoked and was not challenged by appellant.