PER CURIAM.
Valerie Monroe, appellant, appeals the revocation of her community control and sentence for violating a condition of her community control. The state concedes that the trial court lacked jurisdiction to consider a violation of community control as to the misdemeanor count in appellant’s original sentence as the affidavit of violation was filed after the expiration of her probationary period.
It is well settled that upon the expiration of the probationary period the court no longer has jurisdiction over the defendant. See Francois v. State, 695 So.2d 695, 697 (Fla.1997); accord McAvoy v. State, 760 So.2d 1120, 1120 (Fla. 4th DCA 2000). As the state concedes, the court lacked jurisdiction to entertain a violation of her community control as to count II *247 where her community control on that count had expired in 1993. Accordingly, we hold appellant’s community control had expired, divesting the court of jurisdiction to consider the violation of community control as to that count.
Next, appellant argues her sentence requires reversal because the trial court failed to enter a separate written order of revocation specifying the violation upon which the court’s sentence is based. See Roper v. State, 747 So.2d 1038, 1038 (Fla. 4th DCA 1999). We disagree and hold the court’s amended sentence satisfies this requirement where it specifically revokes appellant’s probation and identifies the condition appellant violated.
Accordingly, we reverse the revocation and the sentence as to count II only based upon the trial court’s lack of jurisdiction.
Reversed and remanded.
WARNER, KLEIN and STEVENSON, JJ., concur.