883 So.2d 879 (2004)
Marcine HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2081.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
*880 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Marcine Howard appeals an order revoking his probation. We reverse and remand to the circuit court to conduct further proceedings directed at locating an amended affidavit of violation of probation referred to in testimony but not included in the record on appeal.
After a hearing, the trial court found that Howard had violated his probation by committing a robbery by sudden snatch on July 10, 2002. The only affidavit of violation of probation that appears in the record references an aggravated battery and armed robbery that occurred on August 13, 2002.
It is a due process violation and fundamental error to revoke probation for violations not alleged in the affidavit of violation of probation. See Baker v. State, 760 So.2d 1115, 1116 (Fla. 4th DCA 2000) (holding that trial court erred in revoking community control where "affidavit and warrant appearing in the record do not charge the substantive violation" for which defendant's probation was revoked); Nagel v. State, 758 So.2d 1206, 1208 (Fla. 4th DCA 2000). A violation of probation proceeding is "set in motion" when an arrest warrant issues based upon an affidavit alleging a violation of probation. State v. Boyd, 717 So.2d 524, 526 (Fla.1998).[1] The filing of the affidavit and issuance of the warrant toll the probationary period "until the court enters a ruling on the violation." § 948.06(1), Fla. Stat. (2002). A violation of probation warrant issues "at the time it is signed by the magistrate." § 901.02(1), Fla. Stat. (2002).
The transcript of the April 25, 2003 hearing reveals a possibility that an amended affidavit of violation of probation was filed before the hearing. On cross-examination by Howard's attorney, the probation officer referred to the robbery by sudden snatching as the "amended charge." A later question by the defense attorney mentioned an "amended warrant." The defense did not express surprise at or otherwise object to the use of the July 10 incident, and not the August 13 robbery, as the basis for the revocation. As we did in Baker, where there was "the possible existence of an amended affidavit charging the substantive violation," we remand to the trial court with instructions to conduct further proceedings to determine the existence of the amended affidavit. 760 So.2d at 1117.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] State v. Boyd, 717 So.2d 524 (Fla.1998), effectively overruled this court's statement in McGraw v. State, 700 So.2d 183 (Fla. 4th DCA 1997), that a violation of probation proceeding commences with "either the filing of the affidavit of violation of probation with the clerk or the trial court's issuance of the arrest warrant." Id. at 184.