891 So.2d 1136 (2005)
Kimberly STAMBAUGH, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D04-3013.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
Carey Haughwout, Public Defender, Daniel Cohen, and David John McPherrin, Assistant Public Defenders, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for respondent.
*1137 GROSS, J.
The core issue in this case is whether the filing of only an affidavit of violation of probation, without the issuance of an arrest warrant, tolls a probationary period under Chapter 948, Florida Statutes *1138 (2002). We hold that under these circumstances, the probationary period is not tolled.
This case reaches us on Kimberly Stambaugh's petition for certiorari review of a circuit court order denying her petition for writ of prohibition in her county court prosecution for violation of probation.
On February 5, 2003, Stambaugh was placed on probation for twelve months for driving under the influence.
On February 25, 2003, the state filed an affidavit of violation of probation ("VOP"), based on a new charge of battery. Based on the affidavit, a county judge signed an arrest warrant.
On January 28, 2004, the state filed an additional VOP affidavit based on six additional violations, unrelated to the charges contained in the February 25 affidavit. No warrant issued for these additional violations.
On February 20, 2004, the state nolle prossed the substantive battery charge that was the basis for the February 25, 2003 VOP charge.
On February 26, 2004, Stambaugh moved to quash the January, 2004 VOP affidavit, arguing that the county court lacked jurisdiction to proceed because no warrant had been signed within the probationary period.
On March 2, 2004, the county court denied the motion to quash, ruling that a signed VOP warrant was not required for the January 28 affidavit, because a warrant had been signed for the original VOP affidavit.
On April 2, 2004, the state withdrew or dismissed the allegation that Stambaugh had violated her probation by committing a battery, as alleged in the February, 2003 VOP affidavit. The record does not reflect whether the county court judge either expressly or tacitly approved the dismissal.
Stambaugh moved for reconsideration of the county court's order denying her motion to quash, which was denied.
Stambaugh then petitioned for writ of prohibition in the circuit court, which denied relief on the authority of McGraw v. State, 700 So.2d 183 (Fla. 4th DCA 1997). McGraw indicated that a VOP proceeding commenced with either the filing of a VOP affidavit with the clerk or the trial court's issuance of an arrest warrant. Based on McGraw, the circuit court ruled that the January 28, 2004 affidavit for the additional charges had been timely filed during the probationary period, so that the probationary period was tolled.
Certiorari lies from this circuit court order denying prohibition against the county court. For a writ of certiorari filed from a decision of the circuit court rendered in its appellate capacity, the standard of review is whether the circuit court denied the petitioner procedural due process or departed from the essential requirements of law to cause a miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995); see also Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). In Heggs, the supreme court said that the term "`applied the correct law' is synonymous with `observing the essential requirements of law.'" 658 So.2d at 530 (citation omitted); accord State v. Schreiber, 868 So.2d 564, 565 (Fla. 4th DCA 2004). Stambaugh's argument in this case is that the circuit court departed from the essential requirements of law in ruling that the county court had jurisdiction over the VOP prosecution.
The crucial question here is whether Stambaugh's probationary term had expired before the county court addressed the merits of the January, 2004 VOP allegations. *1139 In Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981), this court wrote that:
[o]nce a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probation period unless, during the term of probation, appropriate steps were taken to revoke or modify probation.
Id. at 44. "Appropriate steps" to "revoke or modify" probation under Clark require the issuance of an arrest warrant based upon an affidavit alleging a VOP. See Howard v. State, 883 So.2d 879, 880 (Fla. 4th DCA 2004).[1] "The filing of the affidavit and issuance of the warrant toll the probationary period `until the court enters a ruling on the violation.' § 948.06(1), Fla. Stat. (2002)." Id.; see also State v. Boyd, 717 So.2d 524, 526 (Fla.1998).
For the February, 2003 VOP violation, an affidavit alleging a VOP violation was filed and an arrest warrant issued, thereby tolling the probationary period under section 948.06(1). However, no warrant issued for the January, 2004 violations.
Central to this case is the legal effect of the state's withdrawal or dismissal of the February, 2003 VOP charge for battery on the continued prosecution of the January, 2004 violations. Section 948.06(2)(g), Florida Statutes (2004), provides that if the court dismisses a VOP affidavit, the offender's probation "shall continue as previously imposed, and the offender shall receive credit for all tolled time against his or her term of probation...." The statute thus nullifies the tolling mechanism when a court finds that a defendant did not violate his probation.
The same result shall occur when the state dismisses or withdraws a VOP charge, even though the court has not formally dismissed the affidavit. Otherwise, the state would be able to avoid the effect of a court dismissal by acting on its own.
Once the state dismissed the February, 2003 VOP charge, the original DUI probation continued as previously imposed, with Stambaugh receiving credit for all tolled time. With the credit, Stambaugh's probationary term was over by April 2, 2004. Without the issuance of an arrest warrant, the January 28, 2004 VOP affidavit did not toll the probationary period. Because the charges in the January, 2004 VOP affidavit were unrelated to the charges in the February, 2003 affidavit, the state is precluded from relying upon the original affidavit to establish the county court's jurisdiction on a "relation back" theory; the second affidavit was not "part of the process set in motion by the original affidavit." Clark, 402 So.2d at 44. The probationary period expired before the court heard the January, 2004 VOP allegation. Applying Clark, the county court lacked jurisdiction to entertain the VOP.
For these reasons, the circuit court failed to apply the correct law when it denied the petition for writ of prohibition. The petition for writ of certiorari is granted, and the case is remanded to the circuit court for it to grant prohibition barring *1140 further proceedings against Stambaugh on this case in the county court.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] In Howard v. State, 883 So.2d 879 (Fla. 4th DCA 2004), we wrote that:

State v. Boyd, 717 So.2d 524 (Fla.1998), effectively overruled this court's statement in McGraw v. State, 700 So.2d 183 (Fla. 4th DCA 1997), that a violation of probation proceeding commences with "either the filing of the affidavit of violation of probation with the clerk or the trial court's issuance of the arrest warrant."
Howard, 883 So.2d at 880 n. 1. Although the circuit court recognized that McGraw conflicted with other decisions, the judge felt bound by that case. The learned circuit judge did not have the benefit of Howard at the time he ruled in this case.