921 So.2d 860 (2006)
Leo JEAN-GILLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2436.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*861 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
The first issue in this case is whether the trial court had jurisdiction to revoke Appellant Leo Jean-Gilles's probation where a warrant, but no affidavit, was filed prior to the termination of Jean-Gilles's probationary period. Jean-Gilles argues that because an affidavit was not filed within the requisite time period, the trial court lacked jurisdiction to revoke his probation. The state disagrees, arguing that the timely filing of an affidavit should be inferred where an amended affidavit was filed after the probationary period expired. We decline to accept the state's position and remand this case for a determination of whether an affidavit was filed prior to the expiration of Jean-Gilles's probationary period.
The applicable statute explicitly requires the filing of an affidavit and a warrant. Section 948.06, Florida Statutes (2003), reads as follows:
Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary *862 period is tolled until the court enters a ruling on the violation. Notwithstanding the tolling of probation as provided in this subsection, the court shall retain jurisdiction over the offender for any violation of the conditions of probation or community control that is alleged to have occurred during the tolling period.
§ 948.06(1), Fla. Stat. (2003) (emphasis added). In Stambaugh v. State, 891 So.2d 1136 (Fla. 4th DCA 2005), this court addressed a similar situation where an affidavit was filed, but no warrant. Noting the statutory language, the court held that the probationary period was not tolled in Stambaugh, stating "[w]ithout the issuance of an arrest warrant, the January 28, 2004 VOP affidavit did not toll the probationary period." Stambaugh, 891 So.2d at 1139. In Sepulveda v. State, 909 So.2d 568, 570 (Fla. 2d DCA 2005), the court explained, "[b]oth the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period. . . ." (emphasis added). We recognize the difference between a missing affidavit and a missing warrant, as a warrant cannot be obtained without a supporting affidavit. Nevertheless, the statute is clear that both are required in order for the trial court to retain jurisdiction to revoke probation. Thus, we decline to find the statute is satisfied by an inference. We therefore remand for the trial court to determine whether an affidavit was filed prior to the expiration of Jean-Gilles's probation. Although the clerk of the trial court has reported that no affidavit was filed on the date the warrant was filed, it may be that the affidavit was misfiled or was filed on a different date. We choose to allow the trial court to make a factual determination as to whether one was filed within the requisite time. If the court determines that an affidavit was not filed, it should vacate the order of revocation.
Should the trial court determine that the requisite affidavit was filed, the next issue presented is whether the trial court's revocation of probation order must be reversed where it includes seven violations and as the state acknowledges, evidence was only presented as to two of the violations. The state argues that where there was evidence presented as to two violations, these violations were sufficient to revoke Jean-Gilles's probation and thus, the only relief, if any, need be to remand the order to have it corrected to reflect the two violations. We decline to fully accept the state's position, instead determining that on remand the court should review its order and conform its findings to the evidence presented. Once the findings are conformed to the evidence presented, the trial court should then proceed to make a determination as to whether such findings support revoking Jean-Gilles's probation.
The reason we decline to accept the state's position is that the determination of whether a defendant has violated his probation is a question of fact to be determined by a trial court. See Lindsay v. State, 839 So.2d 829, 829 (Fla. 4th DCA 2003). The factual findings are the basis for the trial court's determination on this issue. The state has the burden to prove by the greater weight of the evidence that the defendant violated his probation and such violation must be willful and substantial to trigger a revocation. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992).
Accordingly, should the trial court find an affidavit was timely filed, the trial court shall proceed to review its revocation order and make determinations in accordance with this opinion.
Reversed and Remanded.
WARNER and KLEIN, JJ., concur.