HAZOURI, J.
Jean-Gillis appeals from an order entered by the trial court on remand from a prior appeal of an order of revocation of probation and sentence. We affirm.
On May 17, 2002, in L.T. case no. 01-2552, Jean-Gillis entered a nolo contendere plea to possession of cannabis with intent to sell or deliver, adjudication was withheld and he was placed on probation for one year.
On May 8, 2003, a corrected affidavit and warrant were filed with respect to three violations of conditions of probation (VOP): (1) failing to pay costs of supervision; (2) refusing to sign/accept a traffic citation on March 8, 2003; and (3) failing to pay court costs. Thereafter, an amended affidavit and warrant were filed September 29, 2008, adding two new violations concerning an incident occurring on or about July 11, 2003:(4) attempted second degree murder with a firearm; and (5) being a felon in unlawful possession of a firearm.
On January 13, 2004, Jean-Gillis executed a written admission to VOP “as charged” at a change-of-plea and revocation of probation hearing.
Finally, on February 18, 2004, a second amended affidavit of VOP was filed against Jean-Gillis, charging him with two new violations: (6) unlawfully entering or remaining in a structure or conveyance with the intent to commit burglary while armed therein, on January 7, 2004, and (7) failing to remain at his residence on January 22, 2004.
On April 29, 2004, the trial court found Jean-Gillis had admitted violating his probation, revoked his probation, adjudicated him guilty of the underlying offense, and sentenced him to thirty-six months in prison. The order of revocation of probation found that Jean-Gillis had committed all seven violations. Jean-Gillis appealed.
This court reversed. First, there was a jurisdictional issue. In order for the trial court to have jurisdiction and to toll the period of probation, an affidavit of VOP has to be filed during the probationary term. In the instant case, the clerk certified that the record did not contain one filed by May 17, 2003, the end of the probationary term in this case. Thus, this court remanded for the trial court to make a factual determination as to whether an affidavit actually was filed within the requisite period, and if not, to vacate the order of revocation. Second, if the court determined any of the affidavits were timely filed, the state having admitted that evidence was presented at the VOP hearing of only two of the violations,[1] this court *579 remanded for the trial court to conform its findings to the evidence and then to determine whether such findings supported revoking probation. Jean-Gilles [sic] v. State, 921 So.2d 860 (Fla. 4th DCA 2006).
On remand, the trial court found by a preponderance of the evidence that there was a timely-filed affidavit because court computer records so indicated, and the trial court took into consideration that no judge would issue a warrant without first looking at the affidavit. Thus, the trial court determined that the Department of Corrections timely filed an affidavit of violation of probation. Jean-Gillis does not challenge this determination on appeal.
With respect to the second issue on remand, sufficiency of the grounds for revocation, the trial court commented that this court may not have had the benefit of a full record, as the court’s files reflected that on January 13, 2004, Jean-Gillis entered a plea admitting YOP as charged to the first five violations. The trial court also noted that Jean-Gillis stipulated to and it found a factual basis for the plea with regard to the violations for attempted murder and possession of a firearm by a convicted felon. The trial court clarified that its decision to revoke probation was based on its finding that Jean-Gillis’s refusal to sign a traffic citation and possession of a firearm were willful and substantial.
We note that the trial court’s continued conclusion that Jean-Gillis admitted to the first five violations is incorrect. The record shows, and the parties agree, that at the January 13, 2004 hearing, Jean-Gillis admitted only to refusing to sign a traffic citation. However, in light of the trial court’s clarification of the basis for revocation, and the fact that Jean-Gillis admitted to the violation of refusing to sign a traffic citation and stipulated to a factual basis for the possession of a firearm violation, we affirm.

Affirmed.

STONE and STEVENSON, JJ., concur.

. The state conceded in its answer brief in the prior appeal that the only violations addressed at the hearing were Jean-Gillis’s possession of a firearm and his refusal to sign the traffic citation. It argued that these two non *579 technical violations were sufficient to support the revocation of probation.