994 So.2d 1244 (2008)
Randall Scott FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-482.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Randall Scott Ford, Immokalee, pro se.
No brief filed for appellee.
FARMER, J.
Defendant appeals a denial of postconviction relief, claiming that the trial court lacked jurisdiction to revoke probation and sentence him for a probation violation.[1] A *1245 few weeks before his period of probation would have ended, the State filed an affidavit of violation of probation (VOP). The State alleged that he had committed a sexual battery in Okeechobee County. More than two months after the period of his probation had actually ended, the State filed an amended VOP adding an unrelated new count of committing sexual battery in Highlands County.
At a hearing several months after that, the State presented evidence supporting the VOP offense in Highlands County but failed to present any evidence on the first offense in Okeechobee County initially alleged during the probationary period. The court revoked probation on the Highlands County violation and sentenced him to 60 months in prison. He did not appeal the revocation.
Instead he filed the present motion under rule 3.850. He argues that the probationary period was not tolled and consequently the trial court lacked jurisdiction to revoke probation after the period expired. This issue may be raised for the first time in this postconviction proceeding because the lack of subject matter jurisdiction is fundamental error that can be raised at any time. Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981).
It is well settled that after a term of probation has expired, a court has no jurisdiction to entertain a VOP based on offenses occurring during the probation period unless the State issued an arrest warrant for the VOP before expiration. Stambaugh v. State, 891 So.2d 1136, 1139 (Fla. 4th DCA 2005). Here no warrant was ever issued on the alleged Okeechobee County violation, and therefore defendant's probationary period was not tolled.[2]See Jean-Gilles v. State, 921 So.2d 860 (Fla. 4th DCA 2006) (saying that § 948.06(1)(d) clearly requires both filing of affidavit and issuance of arrest warrant before probationary term expires); Stambaugh, 891 So.2d at 1137 (holding that the filing of affidavit without issuing arrest warrant does not toll period and trial court lacked jurisdiction to hear VOP after probationary period had expired). Additionally, the probationary period expired before the State filed the amended VOP. The trial court also lacked jurisdiction to entertain the amended VOP on the Highland County charge.
The motion states a facially sufficient claim for relief under rule 3.850. We remand to the trial court for consistent proceedings.
Reversed.
SHAHOOD, C.J., and GROSS, J., concur.
NOTES
[1] Defendant filed two motions including 20 claims of error. The trial court considered the two motions together and summarily denied relief as to 19 claims, including the claim discussed here. The trial court granted a hearing as to the remaining issue and ultimately denied relief as to that claim as well.
[2] Defendant's probation was revoked before the 2007 amendment to § 948.06.