PER CURIAM.
 

 The appellant, Steven Collier, appeals the revocation of his probation and subsequent sentence of 55.2 months in state prison. On appeal, Collier claims that the trial court lacked jurisdiction to revoke his probation because the affidavit alleging a violation of probation was not filed before Collier’s probationary period expired. Because the appellant’s probation term had already expired at the time the affidavit was filed, we conclude that the trial court lacked jurisdiction to revoke Collier’s probation and therefore reverse.
 

 On December 19, 2002, the appellant was placed on probation for five years. Accordingly, the appellant’s term of probation expired on December 18, 2007.
 
 [1]
 

 The record before us is devoid of any type of affidavit of violation of probation. The only glimmer of evidence as to a violation of probation affidavit is a clerk’s computer docket notation indicating that the required affidavit was filed on December 19, 2007-still at least one day late.
 

 Because the trial court had been previously divested of its jurisdiction over the appellant, we must reverse the order revoking appellant’s probation and remand this cause to the trial court for further proceedings consistent with this opinion. See
 
 Ford v. State,
 
 994 So.2d 1244 (Fla. 4th DCA 2008);
 
 Jean-Gilles v. State,
 
 921 So.2d 860 (Fla. 4th DCA 2006).
 

 
 *342
 
 In light of our holding, it is unnecessary for us to reach the other issues raised on appeal.
 

 Reversed and remanded.
 

 FARMER, CIKLIN, JJ. and LEBAN, MARK KING, Associate Judge, concur.
 

 [1]
 

 . Apparently, the trial judge signed a violation of probation warrant on December 7, 2007 which was filed on December 19, 2007 although no accompanying affidavit of violation of probation was filed. Section 948.06(l)(d), Fla. Stat. (2007) provides in pertinent part as follows:
 

 Upon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, a warrantless arrest under this section, or a notice to appear under this section, the probationary period is tolled until the court enters a ruling on the violation.
 

 Because the affidavit was not timely filed, the probationary period was not tolled and the period of probation did, in fact, expire on December 18, 2007.