PER CURIAM.
In this Anders[1] appeal, Coty Johnson challenges the revocation of his probation and the resulting sentence for one count of possession of cocaine and two counts of resisting without violence. Pursuant to In re Anders Briefs, 581 So.2d 149 (Fla.1991), the public defender asserts that no meritorious issues exist except a minor sentencing error. After a thorough review of the record, we agree.
The trial court properly revoked Johnson’s probation on the basis of new law violations and imposed a legal sentence of thirty months in prison on count one (possession of cocaine). However, as defense counsel points out, the trial court improperly revoked Johnson’s probation and imposed concurrent one-year sentences for counts two and three (resisting without violence). This was improper because Johnson’s one-year probation term had expired for both counts of resisting without violence before the probation affidavit and warrant were filed, and the court lacked jurisdiction over those offenses. See McAvoy v. State, 760 So.2d 1120 (Fla. 4th DCA 2000). The state concedes that the trial court lacked jurisdiction over the misdemeanor. Additionally, he had already served the maximum sentence allowed for the offense of resisting without violence, which is one year. §§ 843.02, 775.082(4)(a), Fla. Stat. (2006).
Because correcting this minor sentencing error will not alter the length of Johnson’s imprisonment, we affirm the revocation of probation and sentence as it relates to the cocaine charge. However, we reverse and remand the sentence as it relates to the resisting arrest without violence charges for the trial court to vacate the judgment and sentence it entered on July 1, 2008, on counts two and three. See Sutton v. State, 855 So.2d 673, 674 (Fla. 2d DCA 2003).
Affirmed in part,: reversed in pari.
STEVENSON, MAY and LEVINE, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).