NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JODY CRUM,                                      )
                                               )
        Appellant,                    )
                                               )
v.                                             )    Case No. 2D15-4625
                                               )
STATE OF FLORIDA,                              )
                                               )
        Appellee.                     )
_____)

Opinion filed July 8, 2016.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Jody Crum, pro se.

PER CURIAM.

        Jody Crum appeals the summary denial of his motion filed pursuant to

Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to his right to file

another motion pursuant to rule 3.850, raising the issues of (1) whether Crum's

probationary sentence in Polk County was tolled while he served his prison sentence on

an unrelated case in Martin County where the Martin County sentence was expressly

made concurrent "with any active sentence being served," and (2) whether Crum is

entitled to credit for time served on his Martin County prison sentence against his Polk County probationary sentence where the two sentences were unrelated in time, place, and forum. These arguments were not specifically raised in Crum's original 3.850 motion, but because they relate to the trial court's jurisdiction to revoke probation and because the postconviction court did not have an opportunity to address these specific arguments,[1] a new rule 3.850 motion raising these issues should not be deemed successive. See Sepulveda v. State, 909 So. 2d 568, 571 (Fla. 2d DCA 2005) (noting that a claim of a trial court's lack of jurisdiction to sentence a defendant for violation of probation was a cognizable claim in a rule 3.850 motion); Ford v. State, 994 So. 2d 1244, 1245 (Fla. 4th DCA 2008) (holding that issue of whether the trial court lacked jurisdiction to revoke probation may be raised for the first time in a postconviction motion); see also Wright v. State, 47 So. 3d 972, 973-74 (Fla. 4th DCA 2010) (rejecting State's argument that probationary period was tolled while defendant served time in prison on unrelated charge where prison term was made expressly concurrent to probationary term).

Affirmed without prejudice.


VILLANTI, C.J., and CASANUEVA and MORRIS, JJ., Concur.

---

[1]Crum raised the general issue of a trial court's lack of jurisdiction to revoke probation where a probationary term had already expired.