PER CURIAM.
Appellant, Ernest Todd Keene, seeks review of the summary denial of his third amended Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse.
In December 2010, Keene pled no contest to two counts of DUI with serious bodily injury. The court sentenced Keene to time-served in jail, twelve months of community control, followed by forty-two months of probation on Count I and sixty months of probation on Count II, consecutive to Count I. On July 2, 2015, Keene was arrested for DUI and the State filed a violation of probation affidavit. Keene entered a plea to the violation of probation, and on February 12, 2016, the lower court revoked probation and sentenced Keene to 106.65 months in prison on both Counts I and II.
Keene filed a third amended motion for postconviction relief, arguing that the lower court lacked jurisdiction to revoke his probation and sentence him as to Count I, and that his counsel was ineffective for failing to object thereto. He argued that he had completed his sentence on that count on June 6, 2015-prior to his July 2015 arrest-and, therefore, the court lacked jurisdiction to modify the sentence on that count. He also argued that his scoresheet should have been calculated without adding points for a violation of Count I.
Without disputing Keene's chronology, the lower court summarily denied relief, reasoning that Keene's probationary period on Count I had not expired prior to his July 2015 arrest because his probationary period had been tolled between December 2013, when the State filed an earlier violation of probation affidavit and an arrest warrant was issued, and March 2014, when that affidavit was dismissed. The court relied on language in section 948.06(1)(f), Florida Statutes, stating that a probationary *1265 period is tolled upon filing of a violation of probation affidavit and issuance of a warrant until the court rules on the violation.
It is well settled that after a term of probation has expired, a court has no jurisdiction to entertain a violation of probation based on offenses occurring during the probation. Stambaugh v. State , 891 So.2d 1136, 1139 (Fla. 4th DCA 2005). We agree with Keene that the lower court erred in relying on the tolling provisions of section 948.06(1)(f) to conclude that his probationary period had not yet expired at the time of his July 2015 arrest. As Keene pointed out below, while the filing of a violation of probation affidavit ordinarily tolls the probationary period, the dismissal of that affidavit nullifies the tolling mechanism. See § 948.06(2)(g), Fla. Stat. (providing that "offender shall receive credit for all tolled time against his or her term of probation or community control" if court dismisses affidavit of probation violation); see also Pupo-Diaz v. State , 966 So.2d 1010, 1012 (Fla. 2d DCA 2007) (explaining that trial court was required to credit defendant for all tolled time after dismissing affidavit); Stambaugh , 891 So.2d at 1139 (holding that defendant shall receive credit for all tolled time after state dismisses or withdraws violation of probation charge).
In this case, Keene's third amended motion for postconviction relief alleged, and the attachments to the lower court's order support, that the December 2013 violation of probation affidavit was dismissed in March 2014. Thus, it appears that he should have been credited all time tolled between December 2013 and March 2014. If Keene's allegations are true, then the lower court was divested of all jurisdiction over Keene as to Count I. See Stapler v. State , 939 So.2d 1092, 1093 (Fla. 5th DCA 2006) (stating that court generally lacks jurisdiction over probationer upon expiration of probationary period). As such, Keene's postconviction motion stated a facially sufficient claim and the lower court erred in summarily denying the motion. We reverse for the lower court to either hold an evidentiary hearing, if necessary, grant the requested relief, or attach records conclusively showing that Keene is entitled to no relief.
REVERSED AND REMANDED.
EVANDER, C.J., HARRIS, and SASSO, JJ., concur.