966 So.2d 1010 (2007)
Adonis PUPO-DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5725.
District Court of Appeal of Florida, Second District.
October 12, 2007.
Rehearing Denied November 9, 2007.
Lee Hollander of Law Offices of Hollander and Hanuka, Naples, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Adonis Pupo-Diaz appeals an order revoking his probation and sentencing him to nine years in prison. We conclude that the trial court erred in finding that Pupo-Diaz violated his probation. Accordingly, we reverse.
The trial court revoked Pupo-Diaz's probation on its finding that he had committed the criminal offense of knowingly providing false information to obtain a commercial *1011 driver's license, in violation of section 322.212(5), Florida Statutes (2005). The State presented circumstantial evidence that Pupo-Diaz intentionally misled the Department of Highway Safety and Motor Vehicles (Department) in seeking a commercial driver's license when, in response to a question asked by the examiner, Pupo-Diaz falsely reported that his license had not been previously suspended or revoked. The State contended, and the trial court agreed, that this response constituted a criminal offense and, as such, was a willful and substantial violation of the terms of his probation.
A violation of probation must not only be willful and substantial, but "its willful and substantial nature must be supported by the greater weight of the evidence." Robinson v. State, 907 So.2d 1284, 1286 (Fla. 2d DCA 2005). We review the trial court's determination on a violation of probation for an abuse of discretion. Id.
The issue presented in this appeal is whether the evidence presented at the violation of probation hearing was sufficient to prove that Pupo-Diaz either had committed a criminal offense or had engaged in conduct that violated the terms of his probation. To prove a violation of section 322.212(5), the State must show that the probationer knowingly made a false statement or concealed a material fact in making an application for a driver's license. The State clearly proved that Pupo-Diaz's previous driver's license had been suspended and that the application that was processed did contain an incorrect answer to the question regarding prior suspensions. However, the issue that we discuss is whether the State proved that Pupo-Diaz "knowingly" answered the question erroneously.
The State's evidence presented to the trial court showed the following: In applying for his commercial driver's license, Pupo-Diaz was verbally asked a series of questions by a Department examiner, who recorded his answers on a computer screen. Pupo-Diaz did not see the answers as they were being recorded, nor was he given the opportunity to review the completed application prior to being asked to sign the computerized signature apparatus. The examiner had no independent recollection of the transaction but rather testified only as to what was recorded on the application.
There was nothing presented to the trial court to indicate that Pupo-Diaz had any motivation to provide a false answer. In fact, he had obtained operator licenses on two previous occasionsboth following the suspension of his licenseand had answered the same question correctly on both of those occasions. Although the State suggests on appeal that an affirmative answer to the question might have endangered Pupo-Diaz's opportunity to obtain a commercial driver's license, there was no testimony or legal argument in the record before this court to support such a suggestion.
Rather, the record indicates that Pupo-Diaz's command of the English language is limited, supporting an inference that he misunderstood the question. We also note that all three of the applications submitted by Pupo-Diaz contain a misstatement in response to whether he had ever been licensed in another state. Although the applications all indicate an affirmative response to that question, Pupo-Diaz testified before the trial court that since moving to Florida from Cuba at the age of ten, he had never resided outside of Florida. While the State argues that these misstatements on his license applications indicate Pupo-Diaz's willingness to lie, we conclude that such misstatements are also consistent with a lack of understanding of *1012 the wording of the questions. The State failed to establish any advantage to Pupo-Diaz that would motivate him to falsely indicate that he had lived in another state.
The evidence presented by the State would not have been sufficient to sustain a criminal conviction because the circumstantial evidence of Pupo-Diaz's intent did not exclude his reasonable hypothesis of innocence that the examiner mistakenly recorded his answer or that he did not understand the question when asked. See State v. Law, 559 So.2d 187, 188 (Fla. 1989) ("Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence."). However, evidence to support a criminal conviction is not necessary to support an order of revocation of probation. Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982). "The burden of proof to revoke probation is the greater weight of the evidence. Yet, where the revocation is predicated upon the commission of a crime, mere suspicion that the probationer was involved in criminal activity does not suffice." Id. at 633 (citations omitted).
Based on all of the evidence presented, we conclude that the evidence was insufficient to support a finding that Pupo-Diaz intended to deceive the examiner. To the contrary, the evidence indicates that Pupo-Diaz's limited understanding of the English language led him to unintentionally provide incorrect responses or that the examiner simply erred in recording his answer. The only fact tending to show an intent to deceive is that the answer attributed to Pupo-Diaz by the examiner was in fact erroneous. All of the other evidence points to his lack of intent to deceive.
We therefore conclude that the State failed to show that Pupo-Diaz committed a willful and substantial violation of his probation and that the trial court abused its discretion when it found that the State proved by a preponderance of the evidence that Pupo-Diaz knowingly provided false information in his attempt to obtain a commercial driver's license. Because this was the only basis for the trial court's revocation of Pupo-Diaz's probation, we reverse the order revoking his probation and sentencing him to nine years in prison, and remand with instructions to dismiss the violation affidavit. In dismissing the affidavit, the trial court shall also credit Pupo-Diaz for all time served and/or tolled against his term of probation. See § 948.06(2)(g), (2006). Because this will mean that Pupo-Diaz's probation has, by now, ended, we instruct the trial court to order Adonis Pupo-Diaz's immediate and unconditional release.
Reversed and remanded with instructions.
DAVIS and LaROSE, JJ., and ST. ARNOLD, JACK R., Associate Judge, Concur.