987 So.2d 826 (2008)
Alecia Christine HILL, a/k/a Alecia Christine Brown, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4309.
District Court of Appeal of Florida, Second District.
August 15, 2008.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
*827 Bill McCollum, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Alecia Christine Hill appeals an order that modified the provisions of her community control to reflect a new termination date for her community control supervision. Because the circuit court erred in not granting Ms. Hill credit for all tolled time against her term of supervision after it dismissed an affidavit alleging that she had violated the terms and conditions of her community control, we reverse.

FACTS AND PROCEDURAL BACKGROUND
In September 2002, Ms. Hill pleaded nolo contendere to the charges of purchase of cocaine, section 893.13(2)(a)(1), Florida Statutes (2001), a second-degree felony, and possession of cocaine, section 893.13(6)(a), a third-degree felony. The circuit court adjudicated Ms. Hill guilty of these crimes and sentenced her to one year of community control followed by two years' probation on each charge. The sentences were designated to run concurrently. On December 2, 2002, after Ms. Hill admitted a violation of community control, the circuit court revoked her community control. The circuit court sentenced Ms. Hill to two concurrent terms of two years' community control.
Approximately one month later, the State filed an affidavit alleging that Ms. Hill had violated the terms and conditions of her community control. That affidavit was followed by an amended affidavit in November 2004 and a second amended affidavit in April 2005. At a hearing on the second amended affidavit held in September 2007, the State stipulated to a medical report indicating that Ms. Hill was very likely insane at the time the alleged violations of her community control had occurred. Because Ms. Hill's insanity at the time of the alleged violations was conceded, the circuit court concluded that she had not violated her community control. Consequently, the circuit court dismissed the affidavit of violation of community control.
Nevertheless, the circuit court found that the term of Ms. Hill's supervision had been tolled. The circuit court reasoned that giving Ms. Hill credit for the tolled time against her term of supervision after finding her insane was contrary to the intent of section 948.06, Florida Statutes (2001). In a written order modifying the terms of Ms. Hill's community control and restoring her to supervision, the circuit court set July 28, 2009, as the new date for the termination of Ms. Hill's supervision.

DISCUSSION
Based on its interpretation of section 948.06, the circuit court refused to grant Ms. Hill credit for all tolled time against her term of supervision after it dismissed the affidavit of violation of community control. On appeal, Ms. Hill argues that section 948.06 required the circuit court to credit her for all tolled time after it dismissed the affidavit. Because Ms. Hill challenges only the circuit court's interpretation of section 948.06, our review of the circuit court's order is de novo. Lawson v. State, 969 So.2d 222, 229 (Fla.2007); Kasischke v. State, 946 So.2d 1155, 1156 (Fla. 3d DCA 2006), quashed on other grounds, 33 Fla. L. Weekly S481, ___ So.2d ___, 2008 WL 2678449 (Fla. July 10, 2008).
Ordinarily, [u]pon the filing of an affidavit alleging a violation of ... community control and following issuance of a warrant... the probationary period is tolled until the court enters a ruling on the violation. 948.06(1). But [i]f the court dismisses an affidavit alleging a violation of ... community *828 control, the offender's ... community control shall continue as previously imposed, and the offender shall receive credit for all tolled time against his or her term of [supervision]. Id.; see also Pupo-Diaz v. State, 966 So.2d 1010, 1012 (Fla. 2d DCA 2007) (explaining that the trial court was required to credit the defendant for all tolled time after dismissing the affidavit); Stambaugh v. State, 891 So.2d 1136, 1139 (Fla. 4th DCA 2005) (holding that a defendant shall receive credit for all tolled time after the State dismisses or withdraws a violation of probation charge). Thus section 948.06 nullifies the tolling mechanism when the court dismisses the affidavit. Stambaugh, 891 So.2d at 1139. Here, the finding that Ms. Hill was insane when she committed the alleged violations did not trump the statutory requirement concerning the effect of the affidavit's dismissal.

CONCLUSION
Section 948.06 required that the circuit court credit Ms. Hill for all tolled time against her term of supervision after the circuit court dismissed the affidavit of violation of community control. For this reason, we reverse the order modifying Ms. Hill's community control and establishing a new termination date of July 28, 2009, for her term of supervision. We note that Ms. Hill was originally sentenced to two concurrent terms of two years' community control on December 2, 2002. These terms of supervision would have expired on December 1, 2004. Accordingly, on remand, we direct the circuit court to discharge Ms. Hill from supervision. See Pupo-Diaz, 966 So.2d at 1012.
Reversed and remanded with directions.
ALTENBERND and WHATLEY, JJ., Concur.