WILLIAMS, J.
|2The plaintiff, Shaneka Crockett, appeals a summary judgment in favor of the defendants, Therral Story Well Service Company, Inc., The Gray Insurance Company, Jeff Ensminger, Jonathan Rogers, Zachary Alford and Carl Romero. The district court found that the plaintiff failed to present factual support sufficient to prove that the employer intentionally caused injury and that plaintiffs sole remedy was workers’ compensation. For the following reasons, we affirm.
*358 FACTS
On August 28, 2007, Michael Crockett, the decedent, was critically injured while working on an oil rig in Sibley, Webster Parish. The rig was owned and operated by Therral Story Well Service Company, Inc. (“TSWS”)- Other employees of TSWS working on the rig at the time | .¡included Jeff Ensminger, Jonathan Rogers, Zachary Alford and Carl Romero, who was the supervisor on duty. The decedent was airlifted to LSU Health Sciences Center in Shreveport, where he later died as a result of his injuries. It was undisputed that decedent was injured in the course of his employment and that his wife, Shaneka Crockett, and their children have received workers’ compensation survivor benefits.
In August 2008, the plaintiff, Shaneka Crockett, individually and on behalf of the decedent, their minor children and decedent’s estate, filed a petition for damages against the defendants, TSWS, its insurer, The Gray Insurance Company (“Gray”), Ensminger, Rogers, Alford and Romero. Plaintiff alleged that TSWS and its employees intentionally forced decedent to work under dangerous conditions which they knew would cause his death and were liable under the intentional tort exception to the exclusivity provision of the Workers’ Compensation Act. In a supplemental petition, the plaintiff added as a party defendant Weatherford U.S., L.P., (‘Weatherford”), the manufacturer of allegedly defective “tongs,” a piece of heavy equipment that was in use on the oil rig at the time of the incident.
Subsequently, Gray, TSWS, and the employees, Ensminger, Rogers, Alford and Romero, filed motions for summary judgment asserting the absence of a viable intentional tort claim by which plaintiff could avoid theRexclusive remedy of workers’ compensation benefits. For the purpose of the motions, defendants did not dispute the factual allegations of plaintiffs petition, including the defendants’ failure to repair known and obvious dangerous defects in the rig and equipment, the failure to provide sufficient training, supervision and safe equipment, the failure to follow proper safety procedure and the failure to comply with OSHA requirements. In opposition to summary judgment, plaintiff filed a number of exhibits, including correspondence from plaintiffs attorney to the defendants requesting information regarding the cause of the incident and seeking a date and time in which to examine the equipment involved in the accident, a letter from Gray’s attorney that he did not possess information about the equipment, and a private investigator’s affidavit.
Following a hearing, the district court found that the plaintiff failed to present facts to show that the employer knew that the decedent’s particular injury was substantially certain to occur. The court noted that the intentional act exception had been narrowly construed by courts to deny claims based on safety violations and unsafe equipment at the workplace. The court also denied plaintiffs request for additional time to obtain discovery. The district court rendered judgment granting the defendants’ motions for summary judgment. The plaintiff appeals the judgment.
|.¿DISCUSSION
The plaintiff contends the district court erred in granting summary judgment. Plaintiff argues that the petition sufficiently states a cause of action for intentional tort by alleging that TSWS and the other employees were substantially certain that injury would inevitably occur to the decedent as a result of their actions, but they forced him to work under those conditions.
*359 Ordinarily, an employee is limited to recovering workers’ compensation benefits rather than tort damages for injuries sustained on the job. This exclusive remedy rule is inapplicable when the worker’s injury is caused by the employer’s intentional act. LSA-R.S. 23:1032(B); Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App. 2d Cir.1985). The statutory words “intentional act” mean the same as intentional tort. Bazley v. Tortorich, 397 So.2d 475 (La.1981). In this context, the meaning of intent is that the actor either: (1) consciously desires the physical result of his act; or (2) knows that the result is substantially certain to follow from his conduct. Bazley, supra.
The phrase “substantially certain to follow” requires more than a reasonable probability that an injury will occur and the word “certain” has been defined to mean inevitable or incapable of failing. Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208. An employer’s mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement. Further, knowledge and appreciation of a risk does not constitute intent, nor does an employer’s reckless or wanton conduct constitute intentional wrongdoing for purposes of the Act. Simoneaux v. Excel Group, LLC, 06-1050 (La.9/1/06), 936 So.2d 1246; Reeves, supra.
A motion for summary judgment is the proper procedural tool to penetrate a plaintiffs general allegations that an injury resulted from an intentional tort. Gallant, supra. Summary judgment shall be granted when the pleadings, depositions and answers to interrogatories, along with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
In the present case, the plaintiff alleged in her petition that the defendants knew the decedent’s injury was substantially certain to follow from their conduct, which included the failure to install guard rails on the rig platform, the failure to provide adequate training, the failure to adequately maintain the rig, the failure to provide safe equipment and the failure to comply with OSHA regulations. For the purpose of summary judgment, the 17defendants accepted the plaintiffs factual allegations as true, but referred the court to numerous cases which found that such conduct was insufficient to constitute an intentional act. As a result, the burden shifted to plaintiff to produce factual support for her claim that defendants had committed an intentional tort.
Even assuming as true the allegations that the decedent’s employer and co-workers knew the lack of guardrails on the rig platform was a dangerous condition, that the training of employees and the maintenance of the rig was inadequate, and that the employer failed to provide safe equipment or to comply with OSHA requirements, the plaintiff failed to produce evidence to show that the decedent’s injury was an inevitable consequence of such conduct. Rather, the record contains a discovery response from TSWS indicating that there was no record that the decedent had been previously injured while working on the rig or that any other person had been similarly injured while working under the same conditions as the decedent. Nor did the plaintiff present any contradictory evidence demonstrating that the employer knew the decedent was certain to be injured as a result of the unsafe workplace.
In addition, as stated in Reeves, supra, the intentional act exception has been very narrowly construed by the courts, which *360 have found that the |8type of employer conduct alleged by plaintiff does not form the basis for an intentional act. See Broussard v. Smith, 08-473 (La.App. 3rd Cir.12/3/08), 999 So.2d 1171 (failure to take adequate safety measures); Bergeron v. Murphy Oil, U.S.A., Inc., 05-0271 (La.App. 4th Cir.4/28/05), 903 So.2d 496 (failure to follow OSHA safety provisions); Jasmin v. HNV Central Riverfront Corp., 94-1497 (La.App. 4th Cir.8/30/94), 642 So.2d 311 (failure to provide safe workplace); Holliday v. B.E. & K. Construction Co., 563 So.2d 1333 (La.App. 3rd Cir.1990) (requiring use of defective or dangerous machinery); Erwin v. Excello Corp., 387 So.2d 1288 (La.App. 1st Cir.1980) (failure to correct a known dangerous condition).
Based upon this record, we conclude that the plaintiff has failed to present factual support to establish that she would be able to satisfy her evidentiary burden of proving that TSWS or its employees knew that the decedent’s injuries were inevitable. Thus, there is no genuine issue of material fact and the district court did not err in granting the defendants’ motions for summary judgment. The assignment of error lacks merit. In reaching the conclusion that there is no tort liability, we pre-termit a discussion of the insurance coverage issue.

Discovery

[¡/The plaintiff contends the trial court erred in denying her request for additional time for discovery. Plaintiff argues that the defendants’ failure to make the tongs used in the accident available for inspection prohibited her from conducting adequate discovery.
A defendant’s motion for summary judgment may be made at any time. LSA-C.C.P. art. 966(A). The trial court has discretion to render summary judgment, if appropriate, or to allow further discovery. Johnson v. Littleton, 45,323 (La.App.2d Cir.5/19/10), 37 So.3d 542. While parties must be given a fair opportunity to conduct discovery and present their claim, there is no absolute right to delay action on a motion for summary judgment until discovery is completed. Justiss Oil Co., Inc. v. Monroe Air Center, 45,356 (La.App.2d Cir.8/11/10), 46 So.3d 725; Johnson, supra.
In the present case, the plaintiff filed the petition for damages on August 28, 2008. Almost one year later, Gray filed the first motion for summary judgment on the grounds that plaintiff had not presented any evidence to show that TSWS knew the decedent’s injuries were substantially certain to occur. At that point, plaintiffs attorney had exchanged correspondence with Gray’s attorney, but had not issued any interrogatories or requests for production to any of the defendants or taken any depositions.
| inAlthough plaintiff asserts in her brief that she should have been given access to the tongs before deposing the decedent’s co-workers, plaintiff has not explained how inspection of the tongs would have assisted her in establishing factual support for px*oving an intentional tort. In addition, the plaintiff had received information about the rig and the equipment used at the time of the accident from documents produced by TSWS in response to Weath-erford’s discovery request.
Based upon this record, we cannot say the district court erred in finding that the plaintiff was given a reasonable opportunity to conduct discovery before the hearing on the motions for summary judgment. Thus, the court did not abuse its discretion in denying the plaintiff additional time for discovery. The assignment of error lacks merit.
*361 CONCLUSION
For the foregoing reasons, the district court’s judgment granting the defendants’ motions for summary judgment is affirmed. Costs of this appeal are assessed to the appellant, Shaneka Merrell Crockett.
AFFIRMED.