LOLLEY, J.
_JjThe plaintiff, Valerie Gale Harvey, appeals the summary judgment granted by the Sixth Judicial District Court, Parish of East Carroll, State of Louisiana, in favor of Joseph Patten Brown, Jr., and MAPP, Inc., as well as the judgment granting the exception of no right of action in favor of MAPP, Inc. For the following reasons, we affirm the trial court’s grant of summary judgment.
Facts
The plaintiff, Valerie Gale Harvey, is the daughter of McNeil C. Harvey, who died on October 8, 2009, when a piece of farm equipment he was working under fell and crushed him. He was taken to the emergency room where he was pronounced dead.
*94 Initially, Valerie filed suit seeking survivor’s damages and wrongful death damages against Joseph Patten Brown, Jr., Gailliard Farms, Inc., and Gailliard Gin, Inc. She claimed that the accident was caused by the parties’ negligence in: (1) exposing McNeil to ultrahazardous perils; (2) assigning McNeil to work outside the course and scope of his employment; and, (3) other fault and negligence to be discovered.
Valerie subsequently filed her first amending petition, adding as an additional defendant MAPP, Inc. She claimed that MAPP was negligent for the same reasons as the original defendants.
Gailliard Farms and Gailliard Gin together filed a motion for summary judgment arguing that there existed no basis for liability against them in that neither entity had operated since 2001. The trial court granted |2the motion, dismissing all claims against Gailliard Farms and Gailli-ard Gin. That judgment was not appealed by Valerie and is final.
MAPP filed an exception of no right of action, claiming that McNeil was its employee and, therefore, Valerie had no right of action against it in tort. Subsequently, Brown and MAPP filed a joint motion for summary judgment in which they claimed that McNeil died in the course and scope of his employment with MAPP, making MAPP immune from tort liability and Valerie’s exclusive remedy against it in workers’ compensation. Further, they claimed that Brown was an officer of MAPP and, likewise, had no personal liability. The trial court sustained the exception of no right of action and the motion for summary judgment in one judgment, dismissing all of Valerie’s claims against Brown and MAPP. She moved for a devolutive appeal, which was granted, and this appeal ensued.
Discussion
On appeal, Valerie argues that the trial court erred in sustaining MAPP’s exception of no right of action and Brown’s and MAPP’s motion for summary judgment. Both the exception and motion hinged on the common issue of whether McNeil was MAPP’s employee and whether his injury arose out of and in the course of employment. Valerie maintains that there are genuine issues of material fact regarding McNeil’s employment and the liability of MAPP and Brown (an officer and manager of MAPP). Notably, the trial court, in its ruling in favor of Brown and MAPP, determined that:
IsMAPP, Inc. was the employer of McNeil Harvey, and Joseph Patton Brown, Jr. was an officer of MAPP, Inc., and that McNeil Harvey was employed and working within the course and scope of his employment at the time of the accident. Therefore, the plaintiffs exclusive remedy against them is through worker’s compensation,....
For the following reasons, we agree with the trial court’s' conclusion, and conclude that summary judgment was properly granted.
The Louisiana Workers’ Compensation Act provides for compensation if an employee receives a personal injury by an accident arising out of and in the course of his employment. La. R.S. 23:1031. Except for intentional acts, workers’ compensation is the exclusive remedy for work-related injuries and illnesses. La. R.S. 23:1032; Kelly v. CNA Ins. Co., 1998-0454 (La.03/12/99), 729 So.2d 1033. The exclusive remedy provision of Louisiana’s workers’ compensation statute precludes an employee from filing a lawsuit for damages against “his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal.” Naiman v. Goldsberry Operating *95 Co., Inc., 48,266 (La.App.2d Cir.06/11/08), 987 So.2d 826. When a defendant invokes the immunity of a statutory employer under La. R.S. 23:1032, it has the burden of proving this immunity. Walls v. American Optical Corp., 1998-0455 (La.09/08/99), 740 So.2d 1262; Boyte v. Ward North American Ins. Co., 35,929 (La.App.2d Cir.05/08/02), 818 So.2d 293, writ denied, 2002-1520, 2002-1591 (La.09/20/02), 825 So.2d 1179, 1181. The statute is strictly construed against the party claiming the immunity. Morgan v. ABC Manufacturer, 1997-0956 (La.05/01/98), 710 So.2d 1077.
Here, Brown and MAPP met the burden of proving that McNeil was MAPP’s employee performing employment duties when the accident occurred. In so finding, we observe two separate affidavits by Brown that are of record and included with the two pretrial pleadings considered by the trial court. Attached to MAPP’s exception of no right of action was Brown’s first affidavit, wherein he averred he was a stockholder and officer of MAPP. In that affidavit, he stated that McNeil was employed by MAPP on October 8, 2009 (the date of the accident), and attached McNeil’s 2009 W-2 for wages paid. In Brown’s second affidavit attached to the motion for summary judgment filed on behalf of both Brown and MAPP, he noted that McNeil had worked for MAPP for approximately 8-10 years prior to the accident. He also stated that McNeil was employed by MAPP on the day of the accident. According to Brown, McNeil was performing repairs on a bushhog owned by MAPP, which Brown stated was a normal part of McNeil’s employment. In fact, Brown averred that McNeil repaired such farm equipment on a “frequent basis.” Finally, Brown and MAPP also included with their motion the affidavit of Marquis Thompson, another MAPP employee. According to Thompson, he had been working with McNeil on the farm operated by MAPP, performing the same kind of work as McNeil. This work included regularly repairing heavy equipment. These affidavits sufficiently establish McNeil’s employment with MAPP and the fact that he was performing employment duties when the accident occurred; thus they satisfy the defendants’ burden of proving their immunity as a statutory employer.
|fiIn response, Valerie failed to refute the proof submitted by Brown and MAPP that McNeil was MAPP’s employee and was performing employment duties when the accident occurred. Although she contends that her father was not an employee on the day of the accident because he was not paid for the day of his death, this argument is unpersuasive. Considering both of Brown’s affidavits, there was sufficient proof to establish that McNeil was employed by MAPP up until the date of the accident and including the date of the accident, regardless of whether MAPP issued a paycheck including that day. Notably, for an employer-employee relationship to exist, there must be a contract of employment, either express or implied, whereby services are furnished in anticipation of compensation. Dustin v. DHCI Home Health Services, Inc., 1995-1989 (La.App.1st Cir.05/10/96), 673 So.2d 356. According to Valerie’s own allegations, on the day of the accident McNeil was assigned to perform the “work” he was engaged in at the time of his death. Moreover, there is no evidence to indicate McNeil did not anticipate being paid for the day of the accident. If McNeil was not employed on MAPP’s farm as argued by Valerie, there is no evidence that he was simply volunteering. In fact, all the evidence of record indicates McNeil was working in anticipation of compensation — he had received wages in 2009 as evidenced by the W-2. Additionally, as to the failure to pay *96 McNeil for that day, MAPP points out that upon McNeil’s death, no demand had ever been made for the pay due him. If compensation has not yet been paid to his Ifisuccessor(s) for the date in question, that does not negate the fact that McNeil was indeed MAPP’s employee on the day the accident occurred.
Furthermore, Valerie has not alleged that her father died as a result of an intentional tort, an exception to the exclusive remedy rule. In fact, she specifically alleged that McNeil died as a result of negligence. Even if we accept Valerie’s allegations that the workplace presented an ultra hazardous condition, this would not raise the defendants’ alleged actions to that of an intentional tort. See Crockett v. Therral Story Well Service, Inc., 45,716 (La.App.2d Cir.01/05/11), 57 So.3d 355, writ not considered, 2011-0263 (La.03/25/11), 61 So.3d 650.
In this case, the evidence shows that McNeil was employed by MAPP and was performing employment duties on the date of the accident. Valerie failed to refute the evidence supporting that fact, and MAPP (as McNeil’s employer) and Brown (as an officer of MAPP) are immune from liability. Valerie’s remedy is in workers’ compensation, and the trial court’s determination on this issue was not in error.[1]
Conclusion
For the foregoing reasons, the judgment in favor of Joseph Patten Brown, Jr. and MAPP, Inc. is affirmed. All costs of this appeal are assessed to Valerie Gale Harvey.
AFFIRMED.

. In her appeal brief, Valerie raises an ancillary issue of the defendants’ solidary liability for damages. Considering the conclusion regarding liability, any discussion regarding damages is moot.