WILLIAMS, J.
| plaintiffs, Martha Humble and James R. Humble, appeal a district court judgment sustaining peremptory exceptions of no right of action and no cause of action filed by defendant, Zach Helton. For the following reasons, we reverse and remand this matter for further proceedings.
FACTS
Plaintiff, Martha Humble, and defendants, Nicole Hackler and Zach Helton, were employed by defendant, Pafford Emergency Medical Service, Inc. (“Paf-ford”). Helton was the supervisor in charge of plaintiff and Hackler.
On July 26, 2011, plaintiff and her husband, James R. Humble, filed a tort suit naming Pafford, Hackler and Helton as defendants. In the original petition, plaintiffs alleged as follows:
[[Image here]]
2.
At all times relevant herein:
A. DIANNA NICOLE HACKLER was a resident of Eldorado, Arkansas and an employee of PAFFORD EMS.
B. ZACH HELTON was an employee and supervisor of Pafford EMS on the day the incident occurred[.]
8.
On or about August 2, 2010, MARTHA HUMBLE was an employee of PAF-FORD EMS. The defendant, DIANNA NICOLE HACKLER, was also employed at PAFFORD EMS on August 2, 2010.
4.
On or about August 2, 2010, MARTHA HUMBLE was physically attacked by the defendant named herein, DIANNA NICOLE HACKLER.
5.
Upon arrival at plaintiffs place of employment, DIANNA NICOLE HACK-LER approached MARTHA HUMBLE being verbally abusive towards plaintiff and advising plaintiff that she was not going to accept a dirty and unmaintained ambulance. Plaintiff attempted to back away from the defendant, HACKLER, when the defendant charged plaintiff grabbing her around the throat choking her and then began to kick the plaintiff in her shins.
[[Image here]]
7.
Plaintiff further shows that the supervisor, ZACH HELTON, upon information and belief, advised the defendant HACKLER that if she would attack the *881 plaintiff that he would pay her to hurt the plaintiff.
* * *
Plaintiff also alleged that Pafford was negligent in, inter alia, (1) failing to provide a safe work environment; (2) failing to exercise control over its employees; and (3) allowing a supervisor to incite physical confrontations between the company’s employees.
On October 24, 2011, Helton filed a peremptory “exception of no cause of action and/or no right of action.” Helton argued that he was entitled to immunity from tort suits pursuant to the Workers’ Compensation Act. Helton also argued that even if the allegations against him were true, plaintiffs failed to allege sufficient facts to support a cause of action based on an intentional act.
On March 1, 2012, plaintiffs filed a supplemental and amending petition, stating:
[[Image here]]
III.
Plaintiffs desire to Amend and Supplement the Original | ¡¡Petition for Damages by adding the following paragraphs:
"7."
Plaintiff further shows that the supervisor, ZACH HELTON, upon information and belief, advised the defendant HACKLER that if she assaulted the plaintiff that he would pay to have her bailed and/or bonded out of jail. Plaintiff further shows that the statement by ZACH HELTON was an intentional act, which incited the defendant, HACK-LER, to harm the plaintiff. As a supervisor of employees, HELTON had a duty to discourage HACKLER from harming the plaintiff instead of encouraging and inciting her to do so, which duty was breached.
“7a.” Plaintiff further shows that at all pertinent times HELTON was acting within the course and scope of his employment with PAFFORD EMS when he incited HACKLER to harm plaintiff, MARTHA HUMBLE.
* * ⅜
“9.”
The defendants, PAFFORD EMS, ZACH HELTON AND DIANA [sic] HACKLER are liable and negligent for the damages sustained by the plaintiff for the following non-exclusive list of particulars:
A. Failing to exercise control over their employees and failing to discourage an employee from harming another employee.
B. Allowing a supervisor to inflict an intentional act upon the plaintiff by encouraging and inciting defendant HACKLER to attack and cause harm to a co-employee.
C. Failing to provide a safe work environment for its employees; and
D. Other acts of negligence which will be shown at the trial of this matter.
* # *
The district court sustained the exception of no right of action and no |4cause of action and dismissed Helton as a defendant. The court stated:
[Considering that the plaintiff is faced with an exclusive remedy of Worker’s Compensation, and certainly wants Mr. Helton involved because that means Paf-ford gets involved because he was employed as a supervisor[.] [I]f those facts are correct, then it’s the plaintiffs burden of alleging with specificity how this survives the exclusive remedy of Worker’s Compensation.
I don’t feel like the plaintiff has met that burden in the pleadings. Failure to *882 warn, to train, to supervise are all allegations that sound in tort. Certainly, Ms. Humble has an action against Ms. Hackler, but I don’t think that’s what she wants. She wants it against Mr. Helton so she can go against Pafford, and I don’t think the specificity has been established to avoid the absolute statutory regime of Worker’s Comp exclusivity. And, the amended petition doesn’t appear to do that and, certainly, the interrogatory responses don’t do that.
[[Image here]]
Plaintiffs appeal.[1]
DISCUSSION
Plaintiffs contend the district court erred in sustaining the exceptions of no right of action and no cause of action. Plaintiffs argue that an intentional act by a co-employee is an exception to the exclusive remedy provision of LSA-R.S. 28:1032(B). According to plaintiffs, the petitions specifically alleged that Mrs. Humble was injured as a result of Helton’s intentional act while both Mrs. Humble and Helton were acting in the course and scope of their employment.

No Right of Action

The function of the peremptory exception is to have the plaintiffs | .¡action declared legally nonexistent, or barred, by effect of law. LSA-C.C.P. art. 923; Waggoner v. America First Ins., 42,863 (La.App.2d Cir.1/16/08), 975 So.2d 110. The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Eagle Pipe and Supply, Inc. v. Amerada Hess Corp., 2010-2267 (La.10/25/11), 79 So.3d 246; Hood v. Cotter, 2008-0215 (La.12/2/08), 5 So.3d 819. The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; Richland Parish Police Jury v. Debnam, 42,421 (La.App.2d Cir.10/17/07), 968 So.2d 294, writ denied, 2008-0016 (La.3/24/08), 977 So.2d 953.
The determination whether a plaintiff has a right to bring an action raises a question of law. A question of law requires de novo review. Eagle Pipe and Supply, Inc., supra; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582 (La.11/29/06), 943 So.2d 1037. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Eagle Pipe and Supply, Inc., supra; Hood, supra; Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211.
We have conducted a de novo review of the record in this case. | ^Assuming that the petition states a valid cause of action, we find that plaintiffs belong to the class of persons to whom the law grants the cause of action asserted herein. Plaintiffs alleged that Mrs. Humble sustained personal injuries as a result of the conduct of her supervisor and co-employee, Helton and Hackler, respectively. Therefore, Mrs. Humble and her husband, James, are the proper parties to *883 bring this lawsuit for damages sustained by Mrs. Humble arising out of the alleged conduct of the defendants. Consequently, the district court erred in sustaining the exception of no right of action.

No Cause of Action

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendants to anyone under the factual allegations of the petition. Cleco Corp. v. Johnson, 2001-0175 (La.9/18/01), 795 So.2d 302; Industrial Companies, Inc. v. Durbin, 2002-0665 (La.1/28/03), 837 So.2d 1207. The exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Kinchen v. Livingston Parish Council, 2007-0478 (La.10/16/07), 967 So.2d 1137; Fink v. Bryant, 2001-0987 (La.11/28/01), 801 So.2d 346.
No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Id. The exception is triable on the face of the pleadings; for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be 17accepted as true. Id. The exception of no cause of action presents questions of law requiring a de novo review by appellate courts. Skannal v. Bamburg, 44,820 (La.App.2d Cir.1/27/10), 33 So.3d 227, writ denied, 2010-0707 (La.5/28/10), 36 So.3d 254; Taylor v. Dowling Gosslee & Associates, Inc., 44,654 (La.App.2d Cir.10/07/09), 22 So.3d 246, writ denied, 2009-2420 (La.2/5/10), 27 So.3d 299.
Ordinarily, an employee is limited to recovering workers’ compensation benefits, rather than tort damages, for injuries sustained on the job. However, this exclusive remedy rule is inapplicable when the employee’s injury is caused by the employer’s intentional act. LSA-R.S. 23:1032(B);[2] Crockett v. Therral Story Well Service, Inc., 45,716 (La.App.2d Cir.1/5/11), 57 So.3d 355, writ not considered, 2011-0263 (La.3/25/11), 61 So.3d 650; Gallant v. Transcontinental Drilling Company, 471 So.2d 858 (La.App. 2d Cir.1985).
|RThe term “intentional act” as used in this section means the same as an intentional tort in reference to civil liability. Bazley v. Tortorich, 397 So.2d 475 (La.1981); Crockett, supra. In this context, the meaning of intent is that the actor either: (1) consciously desires the physical result of his act; or (2) knows that the result is substantially certain to follow from his conduct. Id. The phrase “substantially certain to follow” requires more than a reasonable probability that an injury will occur and the word “certain” has *884 been defined to mean inevitable or incapable of failing. Reeves v. Structural Preservation Systems, 98-1795 (La.3/12/99), 731 So.2d 208; Crockett, supra. Knowledge and appreciation of a risk does not constitute intent, nor does an employer’s reckless or wanton conduct constitute intentional wrongdoing for purposes of the Act. Simoneaux v. Excel Group, LLC, 2006-1050 (La.9/1/06), 936 So.2d 1246; Reeves, supra.
In the instant case, in the original petition, plaintiffs alleged that Hackler approached Mrs. Humble at their place of employment and became “verbally abusive towards plaintiff’ regarding the uncleanliness of an ambulance. In the supplemental and amending petition, plaintiffs alleged that Helton advised Hackler “that if she assaulted the plaintiff that he would pay to have her bailed and/or bonded out of jail[.]” Plaintiffs also alleged that Hel-ton’s statement constituted “an intentional act, which incited [Hackler] to harm the plaintiff.”
We note that plaintiffs did not allege that Helton either threatened or physically harmed Mrs. Humble. However, Helton’s statement, “I will pay to have you bailed and/or bonded out of jail if you [attack] her,” indicated |9that he consciously desired Hackler to physically attack and harm Mrs. Humble and urged her to do so with impunity. We feel that Helton’s promise and commitment to Hackler shows that he had a conscious desire to have Mrs. Humble harmed. Clearly, this type of incitement and instigation by Hel-ton, the supervisor, is the exact type of behavior that is beyond the scope of the Workers’ Compensation Act, LSA-R.S. 23:1032(B).
Accepting the allegations set forth in plaintiffs’ petition as true and applying the statute to the facts set forth in both the original and supplemental and amending petitions, we find that the plaintiffs have stated a cause of action in intentional tort. Therefore, the district court erred in sustaining the exception of no cause of action and in dismissing Helton as a defendant in this tort suit.
CONCLUSION
For the reasons set forth herein, we find that the district court ruling, sustaining the peremptory exceptions of no right and no cause of action, is hereby reversed. We remand this matter for further proceedings. Costs of this appeal are assessed to defendant, Zach Helton.
REVERSED; REMANDED FOR FURTHER PROCEEDINGS.

. Pafford filed a brief in this Court. However, Pafford did not file an exception of no right/no cause of action in the district court; therefore, the district court's dismissal of the claims with regard to Helton did not include Pafford. Consequently, the opinion of this Court does not address any of the allegations against Pafford.

. LSA-R.S. 23:1032 provides, in pertinent part:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages!.]
[[Image here]]
B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
C.The immunity from civil liability provided by this Section shall not extend to: (1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment^]
[[Image here]]