IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

KRISTIN AMANDA WAYE, individually ) 
And as the Administratrix of the Estate of ) 
Robert Timothy Waye, deceased, et al., ) 
 ) 
Plaintiffs, ) 
 ) 
v. ) Case No. 1:20-cv-264-RAH-SRW 
 ) (WO) 
FLAT CREEK TRANSPORTATION ) 
LLC, et al., ) 
 ) 
Defendants. ) 

 MEMORANDUM OPINION AND ORDER 

Before the Court is the Motion to Dismiss, (Doc. 25), filed by Defendant Flat 
Creek Transportation, LLC (“Flat Creek”). In it, Flat Creek attacks the Waye 
Plaintiffs’1 claim, as alleged in the First Amended Complaint, (Doc. 24), that Flat 
Creek is vicariously liable for the intentional conduct of its employee, Michael Cory 
Salter (“Salter”). The Waye Plaintiffs have filed a response, (Doc. 27), and Flat 
Creek has filed a reply, (Doc. 28). 
For the reasons set forth below, Flat Creek’s motion is due to be granted. 
I. BACKGROUND 

1 For simplicity, the Court again will refer to the Plaintiffs collectively as the “Waye Plaintiffs.” 
(Doc. 23, p.1.) 
On August 25, 2020, the Court granted Flat Creek’s motion to dismiss Counts 
I through V of the Waye Plaintiffs’ original complaint, (see Doc. 1), and gave the 

Waye Plaintiffs leave to file an amended complaint as to Count VI which asserted a 
claim against Flat Creek for vicarious liability for the alleged intentional conduct of 
Salter in connection with a traffic accident that resulted in Robert Waye’s death. 

(Doc. 23.) The Waye Plaintiffs filed a First Amended Complaint, (Doc. 24), on 
September 10, 2020, which asserted solely a claim for intentional conduct against 
Salter and vicarious liability against Flat Creek for that intentional conduct. In 
response, Flat Creek filed a renewed motion to dismiss asserting that the First 

Amended Complaint again failed to state a claim for relief against Flat Creek as a 
matter of law. (Doc. 25.) 
In its motion, Flat Creek argues that the Waye Plaintiffs still have not alleged 

specific facts of intentional conduct that survive the exclusive remedy provision of 
the Louisiana Workers’ Compensation Act (“LWCA”), La. Stat. Ann. § 
23:1032(A)(1)(a). (Doc. 25, p. 2.)2 In reply, the Waye Plaintiffs argue that Salter’s 
drug intoxication while driving a Flat Creek truck at a high rate of speed with Robert 

Waye, his co-employee, as a passenger, together with Salter’s possession of a bottle 

2 As the Court explained in its prior opinion dismissing Counts I through V of the Complaint 
against Flat Creek, the Court must apply Louisiana substantive law. (Doc. 23, p. 5.) Further, the 
Waye Plaintiffs allege that both Salter and Robert Waye were acting in the line and scope of their 
employment with Flat Creek at the time of the accident. (See Doc. 24, pp. 2-4; Doc. 25, p. 6, n.1; 
see also Doc. 23, pp. 5-6.) 
containing clean urine, demonstrate the intentional conduct necessary to overcome 
the LWCA for purposes of pleading a tort claim against Flat Creek for vicarious 

liability. (Doc. 27.) 
II. STANDARD OF REVIEW 
A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the 

sufficiency of the complaint against Rule 8, which provides that the complaint must 
contain “a short and plain statement of the claim showing that the pleader is entitled 
to relief.” Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, the court must 
accept the allegations in the complaint as true and construe them in the light most 

favorable to the plaintiff. Am. Dental Ass’n v. Cigna Corp., 605 F.3d 1283, 1288 
(11th Cir. 2010) (citations and quotations omitted). 
“[A] plaintiff’s obligation to provide the grounds of his entitlement to relief 

requires more than labels and conclusions, and a formulaic recitation of the elements 
of a cause of action will not do.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 
(2007). To overcome a motion to dismiss, the complaint need not contain “detailed 
factual allegations,” but instead, must contain “only enough facts to state a claim to 

relief that is plausible on its face.” Id. at 555, 570. The factual allegations “must be 
enough to raise a right to relief above the speculative level.” Id. at 555. “[G]enerally, 
the existence of an affirmative defense will not support a Rule 12(b)(6) motion to 

dismiss for failure to state a claim. A district court, however, may dismiss a 
complaint on a Rule 12(b)(6) motion when the allegations in the complaint indicate 
the existence of an affirmative defense, so long as the defense clearly appears on the 

face of the complaint.” Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993) 
(quotation omitted). 
III. DISCUSSION 

A review of the First Amended Complaint reveals that the Waye Plaintiffs 
have done little to address the Court’s concerns relating to the vicarious liability 
claim against Flat Creek. (See Doc. 23, pp. 13-14.) At best, the Waye Plaintiffs 
emphasize Salter’s alleged drug use and possession of clean urine, which Salter 

apparently kept in order to pass a drug test. (Doc. 24, p. 3.) Otherwise, the gist of 
the Waye Plaintiffs’ claim against Flat Creek remains the same.3 
As the Court previously explained, under Louisiana law, mere intoxication is 

insufficient to show the “intentional” conduct necessary to defeat the exclusivity 
provision of the LCWA. See, e.g., Marceaux v. Gibbs, 699 So. 2d 1065, 1071 (La. 
1997) (“[T]here is no authority for finding that an automobile collision resulting 
from running a red light, even while intoxicated, is an intentional tort.”) (quotation 

marks and citation omitted). Indeed, in order to ascertain the requisite intent 

3 The Waye Plaintiffs’ arguments as to the inappropriateness of resolving the “intentional conduct” 
issue before discovery are similarly unavailing. This is demonstrated by the very case the Waye 
Plaintiffs cite as ostensibly favoring such a proposition, which was resolved at the initial pleadings 
stage. Bazley v. Tortorich, 397 So. 2d 475, 478 (La. 1981). 
element, the person identified in the complaint as the tortfeasor “must either (1) 
consciously desire the physical result of his act, whatever the likelihood of the result 

happening from his conduct, or (2) know that the result is substantially certain to 
follow from his conduct, whatever his desire may be as to that result.” Reeves v. 
Structural Preservation Systems, 731 So. 2d 208, 211 (La. 1999). 

Here, the Waye Plaintiffs have offered no additional facts or argument to 
indicate that the truck accident resulting in Robert Waye’s death was intentional. No 
party contends that Salter intended his truck to collide with another vehicle for the 
purpose of killing or causing serious harm to Robert Waye. Nor do the Waye 

Plaintiffs suggest that Salter took drugs and sped with the conscious desire of 
causing an automobile collision to make virtually sure or substantially certain that 
Robert Waye would die or become seriously injured, no matter how reckless Salter’s 

conduct may have otherwise been. See, e.g., Van Alton v. Fisk Elec., Inc., 581 So. 
2d 1080, 1082 (La. App. 4th Cir. 1991) (finding intoxication of employee when he 
handed co-worker a volt meter for the employer hotel’s electrical system did not 
render his conduct an intentional tort so as to circumvent worker’s compensation 

exclusivity) (citations omitted); McAvoy v. Smith, 506 So.2d 130, 131 (La. App. 5th 
Cir. 1987) (“The fact that the pilot was intoxicated does not lessen the employer’s 
immunity protection under R.S. 23.1032, as the trial judge rightly found.”); see also 

Frederking v. Cincinnati Ins. Co., 929 F.3d 195, 198 (5th Cir. 2019) (Opinion of Ho, 
J.) (interpreting Texas automobile insurance law) (“Certainly no one contends that 
Sanchez intended his vehicle to collide with Frederking’s vehicle. Nor does anyone 

suggest that Sanchez drank in hopes of causing an automobile collision. 
Accordingly, we conclude that this case falls well within the common understanding 
of the term ‘accident.’ . . . As dangerous as drunk driving is, it does not make 

collisions ‘more likely than not’—or the ‘expected’ result of intoxicated driving.”) 
(emphasis added). 
Generally, Louisiana courts recognize that “mere knowledge and appreciation 
of a risk does not constitute intent; reckless or wanton conduct, gross negligence, 

disregard of safety regulation or the failure to use safety equipment by an employer 
does not constitute intentional wrongdoing.” DelaHoussaye v. Morton Intern., Inc., 
300 F.App’x 257, 258 (5th Cir. 2008) (citing Micele v. CPC of La., Inc., 709 So. 2d 

1065, 1068 (La. App. 4th 1998)); see also Rosales v. Bunzyy’s Enter. Realty LLC, 
No. 06-11149, 2008 WL 754856, at *2 (E.D. La. Mar. 19, 2008) (identifying certain 
situations that Louisiana courts have determined “almost universally do not form the 
basis of an intentional tort: failure to provide a safe place to work, poorly designed 

machinery, failure to follow OSHA safety provisions, failure to provide requested 
safety equipment, and failure to correct unsafe working conditions.”). 
The Louisiana Supreme Court has noted that “[b]elieving that someone may, 

or even probably will, eventually get hurt if a workplace practice is continued does 
not rise to the level of an intentional act, but instead falls within the range of 
negligent acts that are covered by workers’ compensation.”4 Reeves, 731 So. 2d at 

212. Instead, the phrase “‘[s]ubstantially certain to follow’ requires more than a 
reasonable probability that an injury will occur and ‘certain’ has been defined to 
mean ‘inevitable’ or ‘incapable of failing.’” Id. at 213 (citing Jasmin v. HNV Cent. 

Riverfront Corp., 642 So. 2d 311, 312 (La. App. 4th Cir. 1994)). See also Guillory 
v. Domtar Industries, Inc., 95 F.3d 1320, 1327 (5th Cir. 1996) (“[T]he substantially 
certain test is satisfied when an employer consciously subjects an employee to a 
hazardous or defective work environment where injury to the employee is nearly 

inevitable—that is, injury is ‘almost certain’ or ‘virtually sure’ to occur or is 
incapable of being avoided.”) (emphasis added) (citing Kent v. Jomac Products, Inc., 
542 So. 2d 99, 100 (La. App. 1st Cir. 1989); Bourque v. Nan Ya Plastics Corp., 

America, 906 F. Supp. 348, 353 (M.D. La. 1995) (“An injury is not “substantially 
certain” to occur merely because a high probability of injury exists; injury is only 
intentionally caused where the injury is virtually sure to occur, or nearly 
inevitable.”), aff’d, 157 F.3d 903 (5th Cir. 1998)). 

After reviewing the First Amended Complaint’s allegations in the context of 
Louisiana case law regarding workers’ compensation immunity and intentional acts 

4 Despite the outcome of this tort case, the Waye Plaintiffs still will be able to pursue the remedies 
available to them under the LWCA since the underlying death arose out of a work-related accident. 
by co-employees, this Court concludes that the general factual allegations in this 
case fall well within the common understanding of a reckless traffic accident. And 

Salter’s alleged conduct certainly does not rise to the level for which intentional 
conduct employment claims have been recognized and allowed to proceed in 
Louisiana courts. See, e.g., Cole v. State Dep’t of Pub. Safety & Corr., 825 So. 2d 

1134, 1142 (La. 2002) (during training exercise, correctional officers’ striking of 
plaintiff, a fellow correctional officer, with unpadded batons where the standard was 
to use padded batons was an intentional act, even though it may not have involved 
malice or intent to inflict the actual damages plaintiff suffered); Humble v. Pafford 

EMS, 116 So. 3d 878, 884 (La. App. 2nd Cir. 2013) (supervisor’s statement “I will 
pay to have you bailed and/or bonded out of jail if you [attack] her,” indicated that 
the supervisor consciously desired co-employee to physically attack and harm 

plaintiff and urged her to do so with impunity. Supervisor’s promise to co-employee 
showed that he had a conscious desire to have plaintiff harmed, “the type of 
incitement and instigation which is exact type of behavior that is beyond the scope 
of the Workers’ Compensation Act, LSA–R.S. 23:1032(B)”). This is especially true 

since the intentional act exclusion must be narrowly construed. See Reeves, 731 So. 
2d at 211; Hernandez v. Dedicated TCS LLC, No. 16-3621, 2017 WL 2876640, at 
*3 (E.D. La. July 5, 2017) (“The standard for prevailing on a claim of intentional 

tort under Louisiana law is extremely high.”); Domingue ex rel. v. Allied Discount 
Tire and Brake, Inc., 849 So. 2d 690 (La. App. 1st Cir. 2003) (recognizing that 
battery resulting from a fight between co-employees is an intentional tort). 

Therefore, since the Waye Plaintiffs’ remaining claim against Flat Creek is 
premised upon alleged conduct that fails to state a claim for intentional conduct 
under Louisiana law, the First Amended Complaint against Flat Creek is due to be 

dismissed in its entirety. 
IV. CONCLUSION 

Based on the foregoing, it be and is hereby 

ORDERED: 

(1) Flat Creek’s motion to dismiss, (Doc. 25), is GRANTED. 
(2) Flat Creek is hereby dismissed as a defendant in this matter. 
DONE, this 13th day of November, 2020. 

 /s/R. Austin Huffaker, Jr. 
 R. AUSTIN HUFFAKER, JR. 
 UNITED STATES DISTRICT JUDGE